### State *versus* Otis S. Merrick.

Possession by the accused, in a prosecution for larceny, of the articles stolen soon after the larceny was committed, raises a reasonable presumption of guilt.

If a reasonable doubt is thrown upon a *prima facie* case of guilt, the party accused is not proved guilty, beyond a reasonable doubt.

The accused, even when the stolen goods are found in *his* possession, and under his control within a short time after the larceny is committed, and a presumption of guilt is raised, is not bound to show to the reasonable satisfaction of the jury, that he became possessed of them, otherwise than by stealing ; the evidence may fall far short of establishing that, and yet create on the minds of the jury a reasonable doubt of his guilt.

Exceptions from the District Court.

This was an indictment for feloniously stealing, taking and carrying away sixty-three sheep, the property of Baxter Crowell. The defendant pleaded that he was not guilty.

Evidence was introduced by the government, tending to show that the sheep belonged to said Crowell, and were stolen

from him on Friday the twenty-fifth day of October, 1839, after a late hour in the afternoon of that day, and that the same were found in the possession of the defendant afterwards on the evening of the same Friday, he claiming them as his own, and exercising acts of dominion over them; and that he drove them that evening and all that night toward Bangor, at which place he sold them the next day. The defence set up by the defendant was, that he bought the sheep on said Friday evening of a stranger, who was driving them along the road toward Bangor; and evidence tending to prove that fact, was introduced by the defendant. Redington J. who presided at the trial, instructed the jury, that if the government had succeeded in removing from their minds all reasonable and substantial doubts, that the sheep were Crowell's property, and were stolen from him on said Friday evening, and afterwards on the same evening were found in the possession of the defendant, he claiming ownership, and exercising acts of dominion over them; that these facts raised a legal presumption that the defendant had stolen them, sufficient to entitle the government to a verdict, unless the evidence also showed to the reasonable satisfaction of the jury, that the defendant became possessed of the sheep otherwise than by stealing them; that after such legal presumption of guilt had been raised, the burden of proof was upon the defendant to repel that presumption; and if the evidence had failed to produce upon the minds of the jury reasonable satisfaction that the defendant came by the sheep otherwise than by stealing them, the verdict must be against him.

The evidence proved that the larceny (if any larceny there was,) was committed in Pittsfield, in the county of Somerset. The jury returned a verdict of guilty, and the counsel for the defendant, filed exceptions, which were allowed.

*Tenney,* for the defendant. The facts to which the charges of the Judge apply may all be true, and yet the defendant be innocent. The Judge said the jury were bound to draw the inference of guilt. The facts proved are entitled to consider-

ation; but must the inference of guilt be compulsorily drawn unless the defendant proves his innocence ?

There are infinite gradations between guilt and innocence. Before they are authorized to find guilt, all doubts must be removed. Here the jury were directed if they were not satisfied of his innocence to find the defendant guilty — that he must take the burthen, and prove his innocence to their satisfaction. On the contrary the direction should have been to leave the facts proved to the consideration of the jury, whether they were sufficient or not to warrant a conviction. 3 Dane's Abr. 503; 2 Stark. Ev. 840; 1 Phil. Ev. 117. A mere probability that the larceny was committed by another, would authorize an acquittal — but the Court required more, that the defence should be proved. The jury are judges of law and fact. Here the law was taken from their consideration, and they merely directed to draw a certain inference from the facts proved, unless the defence set up, should be established. 4 Bl. Com. 359.

*Attorney General, contra.* The circumstances proved, established a *prima facie* case on the part of the government. That being established, the burthen of proof, which applies to criminal, as well as civil cases, changes. The defence, whatever it may be, must then be made out to the reasonable satisfaction of the jury. East's Pl. C. 657 ; Ros. on Cr. Ev. 15.

The opinion of the Court was delivered by

Weston C. J. — In prosecutions for larceny, where the goods are proved to have been stolen, it is a rule of law, applicable in these cases, that possession by the accused, soon after they were stolen, raises a reasonable presumption of his guilt. And unless he can account for that possession, consistently with his innocence, will justify his conviction. " Evidence of this nature is by no means conclusive, and it is stronger or weaker, as the possession is more or less recent." 2 Stark. 449. Such evidence is sufficient to make out a *prima facie* case, on the part of the government, proper to be left to the jury. In the absence of all opposing testimony, *prima facie*

State *v.* Merrick.

evidence in civil cases, becomes conclusive and cannot be disregarded, without calling for correction on the part of the Court. *Kelley* v. *Jackson & al.* 6 Peters, 622.

When by opposing testimony, reasonable doubt is thrown upon a *prima facie* case of guilt, it can no longer be said that the party accused is proved guilty, beyond a reasonable doubt. The jury are to judge upon the effect of the testimony, taken together. It was in our judgment too strong, to instruct the jury, that they must convict the accused, unless he had proved to their reasonable satisfaction, that he came by the sheep otherwise than by stealing. Proof of good character, may sometimes be the only mode by which an innocent man can repel the presumption of guilt, arising from the recent possession of stolen goods. As for instance, where the party really guilty, to avoid detection, thrusts, unobserved in a crowd, the article stolen into the pocket of another man. This may be done, and the innocent party be unconscious of it at the time. And yet good character is not proof of innocence, although it may be sufficient to raise a reasonable doubt of guilt.

The case finds, that the defendant did adduce evidence, tending to prove that he bought the sheep of a stranger. It may be easily conceived, that this proof may have been strong enough, to create in the minds of the jury a reasonable doubt of his guilt; and yet fall short of establishing the fact beyond a reasonable doubt, that he did so purchase them. In such a case, the instruction required a conviction, although every one of the jury might entertain reasonable doubts of his guilt.

*Exceptions sustained.*