State of Maine *vs.* Intoxicating Liquors, C. H. Guppy, claimant.

Cumberland. Opinion January 20, 1888.

*Trial by jury. Constitutional law. Construction of statutes. Stat. 1887, c. 140. Intoxicating liquor. Motion for new trials in criminal cases in superior courts. Practice.*

The right of a trial by jury is guaranteed by the constitution, and it is not within the province of the legislature to enact a law which will destroy or materially impair that right.

If a statute is susceptible of two interpretations, one of which will render it unconstitutional, the other should be adopted.

Stat. 1887, c. 140, declaring that the payment of a special tax as a retail liquor dealer shall be held to be *prima facie* evidence that the person paying such tax is a common seller of intoxicating liquor, only means that such evidence is competent and sufficient to justify a jury in finding such person guilty if they are satisfied beyond a reasonable doubt of his guilt.

Motions for new trials in criminal cases tried in either of the superior courts, are to be heard and finally determined by the justices thereof.

ON exceptions and motion to set aside the verdict from superior court.

An appeal from the municipal court of Portland on a libel of forty-one gallons of brandy seized by Charles W. Stevens, a police officer, in a freight car at the depot of the Boston and Maine Railroad Company in Portland, and claimed by C. H. Guppy, a druggist and apothecary.

The presiding justice, in his charge to the jury, gave, amongst other things, the following instruction and rulings, viz. :

1st. "It is in evidence that this claimant, at the time this liquor was seized or prior thereto, paid a special tax to the United States, which authorized or permitted him to conduct the business of a retail liquor seller. The statute says that fact is *prima facie* evidence that the person so paying the tax is a common seller of intoxicating liquors."

2d. "As I have said, testimony has been offered tending to show that Guppy, at the time the liquor was seized, had paid such a tax, and I instruct you as a matter of law that if such was the fact, then at this time he was a common seller of intoxicating liquors."

3d. "The claimant says that he paid the special tax to the United States because he deemed it to be his duty, he being a druggist."

4th. "It is true that a druggist has a right to have in his possession intoxicating liquors intended to be mixed with other ingredients, the compound itself not to be intoxicating."

5th. "If you find that Mr. Guppy bought it simply to compound with other ingredients in his business as a druggist, the mixture itself not being intoxicating, then you should find for the claimant."

To these instructions exceptions were alleged.

*George M. Seiders,* county attorney, for the state.

· This court has not jurisdiction of a motion for a new trial in criminal cases, on the ground that the verdict is against evidence. All questions as to the sufficiency of evidence must be addressed to and decided by the justice of the superior court. *State* v. *Hill,* 48 Maine, 241 ; *State* v. *Smith,* 54 Maine, 33 ; *State* v. *Intoxicating Liquors,* 63 Maine, 121.

The claimant says in the first assignment that the verdict is against law. But he sets out no specific error of law or instruction under this assignment. The only questions of law regularly before the court are those taken out by way of exception. *Brunswick* v. *McKean,* 4 Maine, 508.

The refusal of the court to grant the motion for order of restoration is not a subject of exception, being a discretionary act of the court. *State* v. *Smith, supra* ; *Boody* v. *Goddard,* 57 Maine, 602 ; *French* v. *Stanley,* 21 Maine, 512 ; *Stephenson* v. *Insurance Co.* 54 Maine, 55 ; *Leighton* v. *Manson,* 14 Maine, 208 ; *Bragdon* v. *Ins. Co.* 42 Maine, 259.

· The question for the jury to determine in this case was whether the liquor was intended for unlawful sale in this state. It is proper on this issue to show all the circumstances attending the business of the claimant. *State* v. *Plunkett,* 64 Maine, 535 ; *Commonwealth* v. *Dearborn,* 109 Mass. 368 ; Bishop on Statutory Crimes, § 1058, and cases cited ; Public Laws of Maine, 1887, c. 40, § 8 ; *State* v. *McGlynn,* 34 N. H. 422 ; *Commonwealth* v. *Timothy,* 8 Gray, 480.

. But to be available upon exceptions, an objection to testimony must be specific. *Harriman* v. *Sanger,* 67 Maine, 442 ; *Baker* v. *Cooper,* 57 Maine, 388 ; *Bonney* v. *Morrill,* 57 Maine, 368 ; *Staples* v. *Wellington,* 58 Maine, 453 ; *Oxnard* v. *Swanton,* 39 Maine, 125.

To authorize the court to sustain exceptions it must affirmatively appear that the party excepting was aggrieved by the ruling to which exceptions are taken. *Soule* v. *Winslow,* 66 Maine, 447 ; *State* v. *Pike,* 65 Maine, 111.

But the intention of the court was not called to the error at the time, hence his exception cannot now be sustained as he thereby waived his right of exceptions. *Stephenson* v. *Thayer*, 63 Maine, 143 ; *Harvey* v. *Dodge*, 73 Maine, 316.

" The term ' intoxicating liquor' denotes any liquor which by reason of its containing alcohol, whether only created by fermentation or afterwards extracted by distilling and then mixed with other ingredients, or left pure, is, in such quantities as may be practically drank, capable of producing intoxication." Bishop on Statutory Crimes, § 1007 ; *Commonwealth* v. *Blos*, 116 Mass. 56 ; *Commonwealth* v. *Peckham*, 2 Gray, 514 ; *Commonwealth* v. *Pease*, 110 Mass. 412.

The statute establishing a rule of *prima facie* evidence is constitutional. *Com.* v. *Williams*, 6 Gray, 1 ; *Com.* v. *Wallace*, 7 Gray, 222 ; *Com.* v. *Rowe*, 14 Gray, 47.

*D. A. Meaher*, for defendant.

Jury were influenced by improper motives. *Williams* v. *Buker*, 49 Maine, 427 ; *Hovey* v. *Chase*, 52 Maine, 304 ; *Folsom* v. *Skofield*, 53 Maine, 171 ; *Fessenden* v. *Sager*, 53 Maine, 531 ; *Bangor* v. *Brunswick*, 27 Maine, 351 ; *Edwards* v. *Currier*, 43 Maine, 474. Statutes impairing vested rights unconstitutional. *Coffin* v. *Rich*, 45 Maine, 507 ; *Kennebec Purchase* v. *Laboree*, 2 Maine, 275 ; *Oriental Bank* v. *Freese*, 18 Maine, 110 ; *Atkinson* v. *Dunlap*, 50 Maine, 111.

WALTON, J.   One of the provisions of the act of 1887, chapter 140, (amendatory of the liquor law) declares that payment of the United States special tax as a liquor seller, shall be held to be *prima facie* evidence that the one paying the tax is a common seller of intoxicating liquors.   What is the meaning of this provision?   Does it impose upon the court the duty of instructing the jury, as matter of law, that proof of such payment will make it their duty to find the defendant guilty, whether they believe him to be so or not?   It is a sufficient answer to say that a jury cannot be so instructed in any criminal case.   The right of trial by jury is guaranteed by the Constitution, and it is not within the province of the legislature to enact a law which will destroy

or materially impair the right.　The very essence of " trial by jury" is the right of each juror to weigh the evidence for himself, and in the exercise of his own reasoning faculties, determine whether or not the facts involved in the issue are proved.　And if this right is taken from the juror—if he is not allowed to weigh the evidence for himself—is not allowed to use his own reasoning faculties, but, on the contrary, is obliged to accept the evidence at the weight which others have affixed to it, and to return and affirm a verdict which he does not believe to be true, or of the truth of which he has reasonable doubts—then, very clearly, the substance, the very essence of " trial by jury " will be taken away, and its form only will remain.　And if the enactment under consideration must be construed as having this effect, then, very clearly, it is unconstitutional and void.

But we do not think it is necessary so to construe it.　We have many similar statutes, in some of which the words used are "*prima facie* evidence," and in others the words are "*presumptive* evidence."　We cannot doubt that these phrases are intended to convey the same idea.　Thus, the possession of a dead bird at certain seasons of the year, and the possession of a mutilated, uncooked lobster, are declared to be *prima facie* evidence that the former was unlawfully killed, and that the latter was less than ten and a half inches long when taken ; while the possession of a salmon less than nine inches in length, or of a trout less than five inches in length, is declared to be *presumptive* evidence that they were unlawfully taken.　Similar provisions exist with respect to the possession of the carcasses of moose and deer at those seasons of the year when it is unlawful to hunt or kill them.

Can it be doubted that these provisions all mean the same thing?　We think not.　And we are not aware that either of them has ever been construed as making it obligatory upon the jury to find a defendant guilty, whether they believe him to be so or not.　They mean that such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does, in fact, satisfy them of his guilt beyond a reasonable doubt, and not otherwise.　It would not be just to the members of the legislature to suppose that, by any of these enactments, they intended to

make it obligatory upon the jury to find a defendant guilty, whether they believe him to be so or not. It is a well settled rule of construction that, if a statute is susceptible of two interpretations, and one of the interpretations will render the statute unconstitutional and the other will not, the latter should be adopted. If it be thought that these statutes, and especially the one now under consideration, if construed as above indicated, add nothing to the weight of such evidence, it will be well to remember that declaratory statutes are not uncommon, and that they are not always useless. They often serve to remove doubts and to give certainty and stability to a rule of law, which it did not before possess; and that, in these particulars, the act under consideration may be regarded as a wise and useful enactment.

The ruling of the justice of the superior court not being in harmony with this interpretation of the statute, the exceptions must be sustained and a new trial granted. But the motion is not properly before us. Motions for new trials in criminal cases, tried in either of the superior courts, are to be heard and finally determined by the justices thereof. R. S., c. 77, § 82. And, although this is a proceeding against the liquor only, still it must be regarded as a criminal case. *State* v. *Robinson*, 49 Maine, 285.

*Exceptions sustained and a new trial granted.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.