STATE OF MAINE *vs.* JOSEPH P. BASS et als.

Penobscot.    Opinion July 17, 1906.

*Criminal Law.    Evidence Must Support the Allegations.    R. S., c. 29, § 45.*

When in a criminal proceeding, the facts are entirely insufficient to support the allegations in the complaint judgment must be for defendant.

It is true that in misdemeanors all who participate in the commission of an offense are deemed principals and may be indicted and convicted either jointly or severally. But when a prohibited notice is printed in a newspaper published by a newspaper corporation, and a complaint therefor is against individuals they cannot be held responsible for the publication of such notice when there is an entire absence of any evidence to show that at the *time* of the alleged offense they had any *interest* whatever, either as stockholders or otherwise, in such corporation, or any participation in the conduct of its affairs.

In the case at bar, the capital stock of the corporation was all owned by the defendants at the time the complaint was made, which was six days after the publication of the prohibited notice, but the case fails to disclose that they had any interest in the corporation, either as stockholders or otherwise, on the 22nd day of April, 1905, the time of the commission of the alleged offense, or that they participated in the conduct of its affairs at that time.

On agreed statement.    Judgment for defendants.

Complaint to the Bangor Municipal Court in the City of Bangor, under the provisions of section 45 of chapter 29 of the Revised Statutes. The substance of the complaint, omitting the "liquor advertisement" complained of, is as follows:

"Henry N. Pringle of Waterville in the County of Kennebec on the twenty-eighth day of April A. D. one thousand nine hundred and five in behalf of said State, on oath, complains that Joseph P. Bass, M. Robert Harrigan and Frederick H. Strickland, all of Bangor, in the County of Penobscot, laborers, on the twenty-second day of April, A. D. one thousand nine hundred and five with force and arms at Bangor aforesaid, in the County aforesaid, being then and there the owners and publishers of a newspaper known and called the Bangor Daily Commercial, did then and there in said newspaper

unlawfully and knowingly, publish notice of the sale and keeping for sale of intoxicating liquors in the words and tenor following:" (Copy of the liquor advertisement was here inserted.)

On this complaint a warrant in due form of law was issued on the 28th day of April, 1905, by said Municipal Court. The defendants were duly arraigned in said Municipal Court, pleaded not guilty and waived a hearing, and thereupon the Judge of said Municipal Court adjudged them guilty and imposed a fine of twenty dollars and costs upon each of the defendants, from which judgment an appeal was taken to the August term, 1905, of the Supreme Judicial Court, Penobscot County.

At said August term of said Supreme Judicial Court, the facts were agreed upon and it was then agreed that the case should be sent to the Law Court on the agreed statement of facts, with the following stipulation: "Judgment to be rendered by the Law Court as the facts and law of the case may require."

The agreed statement of facts is as follows: "It is agreed that at the time of said complaint and prior thereto and ever since, said newspaper, the Bangor Daily Commercial, including its plant, consisting of printing presses, boiler, engine, linotype machines, cases, type, paper and printing appliances, was owned and that said newspaper was published by the "J. P. Bass Publishing Company," a corporation duly organized and existing under the laws of this state, and having a capital stock fully paid in of forty thousand dollars, and that said capital stock is and was all owned at the time of said complaint by the respondents above named. And that the notice of the sale or keeping for sale of intoxicating liquors above named, and as described in the complaint and warrant was published with the knowledge of the respondents above named.

"It is further agreed that the said Con. Keefe, whose advertisement was alleged to have been published in the Bangor Daily Commercial, carried on business in the Commonwealth of Massachusetts and was legally authorized under the laws of said Commonwealth to sell and keep for sale intoxicating liquors therein.

"It is further agreed that said advertisement was published in said Bangor Daily Commercial in pursuance of a contract made and

entered into in Boston aforesaid through the Advertising Agency of Julius Matthews, between the said Keefe and the said Julius Matthews, acting on behalf of and as agent of said J. P. Bass Publishing Company."

*H. H. Patten,* County Attorney for the State.

*Appleton & Chaplin,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

WHITEHOUSE, J.    This is a complaint against the defendants for knowingly publishing in the Bangor Daily Commercial, a "notice of the sale and keeping for sale of intoxicating liquors." It is based on section 45 of chapter 29 of the Revised Statutes.    The defendants waived a hearing in the Municipal Court, and being adjudged guilty, appealed to the Supreme Judicial Court.    The case comes to the Law Court on an agreed statement of facts.

It is alleged in the complaint that the defendants, on the 22nd day of April 1905, "being then and there the owners and publishers of a newspaper called the Bangor Daily Commercial, did then and there in said newspaper unlawfully and knowingly publish notice of the sale and keeping for sale of intoxicating liquors" etc.    This complaint bears date April 28, 1905.

It appears from the agreed statement that " at the time of said complaint and prior thereto and ever since, said newspaper, the Bangor Daily Commercial was published by the " J. P. Bass Publishing Company," a corporation duly organized and existing under the laws of this State, and having a capital stock fully paid in of forty thousand dollars, and that said capital stock is and was all owned at the time of said complaint by the respondents above named.    And that the notice of the sale or keeping for sale, of intoxicating liquors above named, and as described in the complaint and warrant was published with the knowledge of the respondents above named."

It is thus apparent that the facts admitted in the agreed statement are entirely insufficient to support the allegations in the complaint. The material allegations in the complaint obviously are, that the

defendants were the owners and publishers of the Bangor Daily Commercial and published in it the advertisement in question; but in the agreed statement it is admitted that the paper was published by "The J. P. Bass Publishing Company, a corporation duly organized and existing under the laws of the state." There is a further statement of fact that the capital stock of this corporation was all owned by the defendants at the time of said complaint, which it has been seen, was made six days after the publication of the prohibited notice. But the agreed statement fails to disclose any admission that these defendants had any interest whatever in the Bangor Daily Commercial, either as stockholders or otherwise, at the time of the commission of the alleged offense on the 22nd day of April, 1905.

It is an elementary principle of criminal law and procedure, it is true, that in misdemeanors all who knowingly participate in the commission of the offense are deemed principals and may be indicted and convicted either jointly or severally. Bish. Cr. Proc. sec. 545; *State v. Sullivan*, 83 Maine, 417; but the agreed statement only admits that the prohibited notice was "published with the knowledge of the defendants." Even if it be conceded that the mere fact that such an advertisement was published by the corporation with the knowledge of the defendants would have been sufficient to render them liable as principals for participating in the act, if they had been shown to be the only stockholders at the time of the publication, there can be no reasonable ground for holding them responsible for the publication in question, when there is an entire absence of any evidence tending to show that at the time of the alleged offense they had any interest whatever, either as stockholders or otherwise, in the property of the J. P. Bass Publishing Company or any participation in the conduct of its affairs.

According to the stipulations accompanying the agreed statement in the case, the entry must therefore be,

*Judgment for the defendants.*