STATE OF MAINE

*vs.*

LINWOOD LOUIS SABA and STANLEY J. KORBETT.

Oxford. Opinion, August 5, 1942.

*Theodore Gonya,* County Attorney, for the State.

*Arthur L. Thayer* for respondent Linwood Louis Saba.

*Gordon Stewart* for respondent Stanley J. Korbett.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

MURCHIE, J. This case presents separate appeals by two, out of four, persons charged with crime in a single indictment who were tried together, it not appearing whether the other two have been either apprehended or tried. The appeals were taken from the refusal of the justice presiding in the Trial Court to set the verdicts aside on separate general motions for new trial. Two of the exceptions relate to the charge. One of these alleges a misdirection to the jury; the other, erroneous refusal to give a requested instruction. A third exception involving an evidence ruling requires no consideration in view of the result.

The indictment alleges a breaking, entering and larceny at Rumford in the night-time on September 29, 1940. The breaking and entering and larceny were adequately proved but there was no eye-witness to the crime and the only way in which the respondents were connected with it was by evidence showing that they had access to, or possession of, goods answering the description of some of those stolen in the break some time thereafter, including a particular cigarette carton which was definitely proved to have been in the warehouse when the break was made, and that they had been heard at an earlier time discussing a proposed trip to Rumford where, it is stated in evidence, the respondent Saba told the respondent Korbett "that he had a place to go."

The exceptions relative to the charge may be considered together. Respondents requested an instruction, in substance, that to convict the respondents it would be necessary for the State to prove that one or both of them "were present at Rum-

ford on the night alleged in the indictment, and took an active part in the breaking and taking." The stated exception to the charge was to the use of the words "they would not have to be found physically present at that time," i.e., at the time of the breaking and taking. The quoted words do not appear in the charge, but the justice presiding at the trial did instruct the jury that the question to be considered was "whether or not these two respondents or either of them participated, not necessarily by actual presence, but were they a party to the breaking and entering and larceny," and again "whether or not these two men, or either one of them participated, not by physical presence necessarily, but did they participate in this breaking and entering and larceny in any degree."

It would be highly technical to hold that this misquotation should defeat the right of the respondents to relief if the instruction intended to be complained of was erroneous in law. The exception was "noted before the jury," as required by Rule 18 of the Rules of Court. Opportunity was given to the justice presiding to correct the error in his charge, if it was error, and was inadvertent, to satisfy the purpose of the Rule as declared in *McKown* v. *Powers et al.*, 86 Me., 291 at 295, 29 A., 1079, and the issue is herein determined as if the words actually used in the charge were properly recited in the exception.

The requested instruction was properly refused regardless of the question as to whether proof of the physical or actual presence of the respondents at the breaking and taking was a necessary part of the crime alleged. The definiteness of the time requirement alone justified the refusal. The law is clear that while a definite time must be alleged in any indictment, proof need not be that the crime charged was in fact committed on the particular day named. *State* v. *Baker*, 34 Me., 52; *State* v. *Williams*, 76 Me., 480. Disregarding the time element, however, the requested instruction raises the identical question intended to be raised by the exception alleging the charge to be er-

roneous in authorizing the jury to find the respondents guilty although not actually or physically present at the time and place of the crime, and decision of the cause must rest in the propriety or impropriety of such instruction.

The proper rule of law is that to constitute one as a principal in the commission of a felony, he must be proved to be present either actually or constructively at the time and place it was committed. The issue of actual presence is necessarily simple. The limits of constructive presence are more or less uncertain. In *Commonwealth* v. *Knapp,* 9 Pick., 496, 20 Am. Dec., as in 16 C. J. 126, Par. 114-b, and 22 C. J. S. 154, Par. 86-b, illustrations are given which indicate that one who is watching at a proper distance and station "to prevent a surprise" or "to favor, if need be, the escape of those ... immediately engaged" may properly be considered as constructively *"present, aiding and abetting."* The instruction requested on behalf of the respondents was too favorable to their defense in eliminating the right to convict on a finding of constructive presence by its stated requirement that the respondents must be proved to have taken an "active" part in the "breaking and taking." That actually given to the jury was too favorable to the State in its implication that not even a constructive presence was requisite.

The defense offered by the respondents, in addition to their own denial of participation in the crime, was by way of alibi asserting that they spent all of the time from the evening of Saturday, September 28, 1940, until after the break was discovered at approximate noon on the following day in Bangor, many miles from the scene of the crime. Notwithstanding the flexibility of the time rule declared in *State* v. *Baker* and *State* v. *Williams,* both supra, the proof was such that the alibi evidence placed the respondents far from the scene of the crime at the only time when it could have been committed, and it would have been a complete defense, if believed, against finding that they were either actually or constructively present.

Under the instruction given the jury verdict might have been returned even if the alibi testimony was accepted as true since it eliminated the necessity of any presence, either actual or constructive, and stated the issue of guilt to be determined by whether or not they had participated in the crime "in any degree," regardless of the common law rule that one who procures another to commit a theft and is not present when it is committed is an accessory to the crime only and not a principal in it. 36 C. J. 797, Par. 212. R. S. 1930, Chap. 143, Sec. 8 constitutes participation in a felony as an accessory a substantive offense, which can be prosecuted without reference to the conviction of the principal in the particular crime. This provision, originally enacted as Chap. 504, Sec. 1 of the Public Laws of 1831, represents a distinct change from the common law rule which authorized the prosecution of an accessory to a felony only after, or in connection with, the conviction of his principal. The statute was first interpreted in *State* v. *Ricker,* 29 Me., 84, where the facts alleged and proved were sufficient to constitute the respondent an accessory before the fact to the crime charged. In accordance with that interpretation, which remains unchanged to the present day, when the State seeks to prosecute one who has counseled or procured the commission of a felony, without the conviction of his principal, he must be charged with the statutory crime of procuring, and not with the offense procured. The statute, and rule, are applicable also to acts constituting one an accessory after the fact to a felony, but the indictment now under consideration was not drawn against these respondents as accessories to the felony charged, and the distinction between their participation therein as principals, on a finding that they were either actually or constructively present, and their more remote connection with it was not called to the attention of the jury. The instruction given would have been appropriate in the prosecution of a misdemeanor where "all who knowingly participate in the commission of the offense are deemed principals and may be .

indicted and convicted either jointly or severally." *State* v. *Bass et al.*, 101 Me., 481, at 484, 64 A., 884, 885. See also *State* v. *Ruby et al.*, 68 Me., 543. It has never been applicable to felonies. The exception alleging misdirection in the charge must be sustained.

The result on the appeals from the denial of the general motions for a new trial would be the same. The case is barren of direct evidence linking the respondents with the actual breaking and taking or even of such proximity to the scene of the crime as would warrant a finding of their constructive presence, and even of presumptive evidence of that nature except so far as within established rules of law the possession of stolen goods subsequent to the theft creates inference of guilt, not only of larcency, *State* v. *Merrick*, 19 Me., 398; *State* v. *Russo*, 127 Me., 313, 143 A., 99, but also of the breaking and entering when larceny is a part of such greater crime, *Commonwealth* v. *McGorty*, 114 Mass., 299; *State* v. *Wright et al.*, 6 Pennewill (Del.), 251, 66 A., 364; 9 C. J., 1082, Par. 145-(3), and cases there cited. Under proper instruction it would have been competent for the jurors upon the record before us to have found these respondents guilty of the crime of breaking and entering and larceny in the night-time on the basis of the inference properly carried by their possession of the stolen property and such inference alone, had it been made clear to them in the charge that such a verdict could be returned if they believed, notwithstanding the alibi evidence, that the respondents were at the scene of the crime at the time of its commission or sufficiently close thereto to be considered as constructively present. In the absence of such instruction, or of a verdict found thereafter, it would be necessary for this Court on the record to hold that the evidence was not sufficient to prove beyond a reasonable doubt that either of these respondents participated as a principal in the crime charged in the indictment. Under the instruction given, the verdict can mean no more than that the jury found them to have participated in the crime in *some* degree, which degree might obviously have been that they were

accessories before the fact, because of the planning, or after the fact, because of the possession of the stolen goods.

*Appeals and exceptions sustained.*
*Verdicts set aside.*
*New trials ordered.*

WORSTER, J., having retired, did not join in this opinion.