**STATE of Maine**

v.

**Gary B. KING.**

Supreme Judicial Court of Maine.

Nov. 1, 1977.

Thomas E. Delahanty, II, Dist. Atty., Herbert Bunker, Jr., Asst. Dist. Atty., Alethea L. Froburg, Legal Intern, Auburn, for plaintiff.

Hamilton & Hardy by John L. Hamilton, Lewiston, for appellee.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

The use of the word "presumption" in instructions to juries continues to cause problems of the same type described in *State v. Poulin,* Me., 277 A.2d 493, 500 (1971). The problem most commonly arises when the instructions relate to the effect of a jury's finding beyond a reasonable doubt that the defendant was found in exclusive possession of recently stolen goods.

Such is the situation here.

The problems discussed in *Poulin* are compounded when 17–A M.R.S.A. § 361(2) (enacted 1975) is read to the jury. That section reads:

> "Proof that the defendant was in exclusive possession of property that had recently been taken under circumstances constituting a violation of this chapter or of chapter 27 *shall give rise to a presumption* that the defendant is guilty of the theft or robbery of the property, as the case may be, and proof that the theft or robbery occurred under circumstances constituting a violation of section 401 also *shall give rise to a presumption* that the defendant in exclusive possession of property recently so taken is guilty of the burglary." (emphasis added)

The appeal now before us results from a judgment entered on a jury verdict of guilty of the crime of burglary (17–A M.R.S.A. § 401) and theft (17–A M.R.S.A. § 351).

A seasonably entered appeal followed. We deny the appeal.

Appellant's attack on the validity of the judgment is premised on the claims:

1. Reversible error occurred when the presiding justice instructed in the language of the statute (17–A M.R.S.A.

§ 361(2)) that a "presumption" arose from proof of certain facts described in the statute, and

2. The trial court erred in denying a motion for judgment of acquittal.

The factual framework from which the trial arose was substantially as follows. On August 25, 1976 the garage owned by one Poulin was broken into and approximately 200 tools were taken. Two days later the tools were found by the police in the basement of an apartment building in Lisbon, Maine. The appellant was soon arrested and charged with having committed the crimes of "burglary" and "theft".

From the record of the trial it appears that the appellant had a girlfriend who rented one of the four apartments in the building where the tools were found. Appellant was known to have visited the apartment frequently. His fingerprint was found on one of the tools. He had previously denied to the police knowing anything about the tools whatsoever. There was also in the case evidence that appellant had offered to show the tools to at least one other friend and had been in the basement after the tools had been placed there but before they were seized by the police.

The evidence connecting the appellant to the crime was all circumstantial. In proving its case therefore, the prosecution had to and did rely heavily on the provisions of 17–A M.R.S.A. § 361(2).

At the conclusion of the evidence, the trial court instructed the jury as to the use it could make of reasonable inferences in finding facts. In so doing he referred to the statutory "presumptions" described in 17–A M.R.S.A. § 361(2). The word "presumption" was used four times in such instruction. Objection to that portion of the charge was made and followed by a motion for a mistrial. It was itself based on a claim of error in the charge arising from the use of the word "presumption". The claim of error was adequately saved. *State v. Rice*, Me., 379 A.2d 140 (1977).

It has long been the rule in Maine that recent and exclusive possession of stolen goods may give rise to an inference that the person who is in such possession committed the theft and/or burglary. *State v. Bogdanyi*, Me., 378 A.2d 1325 (1977); *State v. Mimmovich*, Me., 377 A.2d 116 (1977); *State v. Reed*, Me., 347 A.2d 123 (1975); *State v. Gove*, Me., 289 A.2d 679 (1972); *State v. Poulin*, Me., 277 A.2d 493 (1971); *State v. Mosher*, Me., 270 A.2d 451 (1970); *State v. Barrett*, Me., 256 A.2d 666 (1969); *State v. Saba*, 139 Me. 153, 27 A.2d 813 (1942); *State v. Russo*, 127 Me. 313, 143 A. 99 (1928); *State v. Merrick*, 19 Me. 398 (1841). The rule was recently codified in 1975 by the enactment of 17–A M.R.S.A. § 361(2) as amended by PL 1975 Special Session, ch. 740. Until *State v. Poulin, supra,* there was persistent confusion as to whether the rule should be expressed in terms of "permissible inference" or a "presumption". In *Poulin,* the court recommended that the word "presumption" not be used with reference to the rule, but rather that instructions to juries refer only to permissible inferences which could be drawn from facts proven beyond a reasonable doubt. The reasons given for so recommending were both to insure that juries not be misled into believing that a "presumption" necessarily established the presumed fact and to avoid confusion in the jury's mind possibly arising from instructions of "presumption of innocence" occurring in the same instruction. *Id.* 277 A.2d at 499–500.

Rule 303 of the Maine Rules of Evidence,[1] is of like tenor.

■ We conclude that 17–A M.R.S.A. § 361(2) was not intended to create the kind

---

1. Rule 303(c) provides that:

"Whenever the existence of a presumed fact against the accused is submitted to the jury, the court in instructing the jury should avoid charging in terms of a presumption. The charge shall include an instruction to the effect that the jurors have a right to draw reasonable inferences from facts proved beyond a reasonable doubt and may convict the accused in reliance upon an inference of fact if they conclude that such inference is valid and if the inference convinces them of guilt beyond a reasonable doubt and not otherwise."

of presumption described in *Albee's Case,*[2] 128 Me. 126, 145 A. 742 (1929). Rather we see the word "presumption" there used as synonymous with the words "permissible inference".[3] We note the Comment to the Rule refers to *State v. Saba,* 139 Me. 153, 27 A.2d 813 (1942). That case speaks only of "inferences" which may be drawn from proven facts.

Also we assume the Legislature was mindful of the constitutional implications which would result from an attempt to create a legal presumption of the kind described in *Albee's Case, supra. See In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1969); *State v. Intoxicating Liquors,* 80 Me. 57, 12 A. 794 (1888).

Our recommendation in *Poulin, supra,* that the word "presumption" never be used when a jury is being instructed as to "permissible inferences" retains vitality.

17–A M.R.S.A. § 361(2) must be considered in the light of Rule 303(c) of the Maine Rules of Evidence.

■ It was error for the presiding justice when instructing a jury as to 17–A M.R.S.A. § 361(2) to use the word "presumption".

We are satisfied such error was harmless, however.

In viewing the charge as a whole, as we must, we find the word was used only four times. The court said of the "presumption" that it is "another instance of a reasonable inference which the law permits you to draw from facts that have been established without a reasonable doubt."

The court emphasized later that the underlying facts must be established beyond a reasonable doubt and that an inference is only permissive.

We see no possibility that the jury could have been confused by the charge as to the effect which was to be given 17–A M.R.S.A. § 361(2).

By its terms 17–A M.R.S.A. § 361(2) is to be given effect only if recent and exclusive possession of the goods shown by independent evidence to have been recently stolen is proven beyond a reasonable doubt.

Neither the fact that the goods were stolen nor the recentness of the possession is being challenged here. Appellant's only claim is that the evidence does not support a finding of exclusive possession.

■ Exclusive possession does not mean sole possession. *State v. Gove,* Me., 289 A.2d 679, 681 (1972).

■ We held in *State v. Dall,* Me., 305 A.2d 270 (1973), that the mere presence of a defendant in an automobile containing stolen items but operated by another is insufficient to demonstrate exclusive possession. *Cf. State v. Mosher,* Me., 270 A.2d 451 (1970). Neither is constructive possession alone enough. *State v. Barrett,* Me., 256 A.2d 666 (1969). Where constructive possession is shown however, exclusive possession may be found if the evidence shows some other "possessive conduct" on the part of the defendant, *State v. Barrett, supra,* 256 A.2d at 669.

■ In this case the jury could reasonably conclude that the evidence demonstrated appellant's constructive possession of the tools. Appellant had a girlfriend living in the apartment and he had been known to spend a great deal of time there, both night and day. That he had unlimited access to the basement is shown by the fact that he entered it on at least two occasions after the tools were placed there. On one occasion he invited a friend, Kevin Hayes, to come into the basement to look at the tools. All these facts justified the jury in believing the appellant was in constructive possession of the tools. His possessive conduct or his exercise of dominion or control, is

---

**2.** In that case the court said,

"Conclusive presumptions are not really presumptions at all. They are merely *rules of law* declaring a particular fact to be true under particular circumstances. The Legislature establishes that in the case specified the nonexis-

tence of the fact presumed is immaterial." 128 Me. at 128, 145 A. at 743.

**3.** *See Hann v. Merrill,* Me., 305 A.2d 545, 552 (1973), for discussion of the nature of presumptions.

amply demonstrated by his acts of inviting people to the cellar to see the tools and by the presence of his fingerprint on one of the tools.

We find that the evidence was adequate to support a jury conclusion beyond a reasonable doubt that the appellant was in exclusive possession of the tools.

The entry must be

Appeal denied

Judgment of Superior Court affirmed.

DELAHANTY, J., did not sit.

All Justices concurring.