**STATE of Maine**

v.

**Roger A. SMITH.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1981.

Decided Oct. 5, 1981.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Julio DeSanctis (orally), Hall, DeSanctis & Schultz, Bangor, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

Defendant Roger Smith appeals his convictions by a jury in Superior Court, Penobscot County, of burglary (Class C)[1] and unauthorized use of property (Class D). *See* 17–A M.R.S.A. §§ 401(2)(C), 360 (Supp. 1980). We find no merit in either of defendant's two claims of error.

### I.

We first reject his assertion that a fatal variance existed between the indictments and the trial evidence as to the identification of the corporate victim of the crimes. The burglary count of the indictment named the place from which the truck was stolen as "a structure of J. J. Nissen, Inc., a corporation," and the unauthorized use count referred to the owner as "J. J. Nissen" and "J. S. Nissen." At trial, prosecution witnesses variously identified the victim corporation as the "Nissen Bakery," "John J. Nissen Baking Company," and "Nissen Company"; they described the stolen truck as bearing the name "Nissen" on its side.

Neither the indictment nor the testimony left any reasonable doubt that the stolen truck and the building from which it was taken belonged to the J. J. Nissen Company. The evidence established that as between that company and defendant, the former was the lawful owner of the burglarized property. That showing sufficed, for "[t]he State need only plead and prove occupancy of or possession in the party whose occupancy or possession is rightful as against the accused burglar." *State v. Small*, Me., 267 A.2d 912, 916 (1970).

Smith concedes that the indictment identified the property with sufficient precision to permit him to prepare his defense. The wording was also specific enough to protect him from double jeopardy. The indictment thus satisfied the requirements this court has established, *i. e.*, that "[a] burglary indictment must be sufficiently specific as to ownership to enable the defendant to adequately prepare his defense and to protect him from subsequent prosecution for the same offense." *Id.*

### II.

Contrary to defendant's assertion, we cannot on this record say that "no rational trier of fact could [find] proof of guilt beyond a reasonable doubt." *State v. Lagasse*, Me., 410 A.2d 537, 542 (1980), *quoting Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979). Thus, we cannot vacate Smith's convictions for insufficiency of the evidence.

1. The indictment in its caption erroneously identified Smith's crime as burglary (Class B), but by pretrial agreement the case was tried and submitted as one of burglary (Class C).

The parties stipulate that the judgment and the order of commitment shall be corrected accordingly. Pursuant to M.R.Crim.P. 36, this court orders that correction by its mandate.

**410** ◼

◼ Smith was convicted, along with three other young men, of burglarizing the J. J. Nissen bakery building in Brewer and of theft by unauthorized use of a pickup truck taken from those premises. Circumstantial evidence, if believed by the jury, tied four young men, including defendant Smith, to the crime, which occurred in the early morning hours of March 24, 1980. A brewer police officer at about 3:45 a. m. identified Smith as one of the four men with a disabled vehicle within two-tenths of a mile of the J. J. Nissen building. The Nissen pickup truck was seen leaving that building about 45 minutes later, and the police were immediately notified. Before 7:00 a. m. the police found the Nissen truck in damaged condition driven off a road in Orrington. In the meantime, the Nissen truck had been twice sighted in Orrington, each time with four people in it. On one of those sightings, one of the four was identified as a young man who shortly thereafter was hitchhiking with defendant Smith. Before 6:30 a. m., at a point in Orrington not far from where the stolen truck was later found, Mr. and Mrs. Robshaw picked up four men hitchhiking toward Brewer. One, later identified as defendant Smith, wore a "coat wrapped around him like an apron because . . . he'd ripped his pants or something." Brewer police officers arrested Smith as he got out of the Robshaw vehicle in Brewer. He was wearing ripped brown corduroy pants and had a jacket tied around his waist. He carried in his pocket two electrical bulbs such as would fit the blinker light sockets of the Nissen truck. Examination of that truck revealed brown, "shredded corduroy-type material" in the front seat and two empty blinker sockets. On this evidence the jury could rationally find beyond a reasonable doubt that defendant had participated in the burglary and in the unauthorized use of the Nissen truck.

◼ Defendant specifically claims that the statutory inference arising from exclusive possession of recently stolen property, 17–A M.R.S.A. § 361(2) (Supp.1980),[2] was improperly used to convict him; he claims the evidence was insufficient to prove exclusive possession by him, either alone or with accomplices. The presiding justice carefully instructed the jury on the reasonable inference permitted by section 361(2), studiously avoiding, as enjoined by M.R. Evid. 303(b), the use of the word "presumption." *See State v. King*, Me., 379 A.2d 131, 133 (1977). The justice fully informed the jury that before it could draw the statutorily permitted inference of defendant's guilt of burglary and theft, it was required to find from independent evidence that beyond a reasonable doubt a burglary and theft of the J. J. Nissen property had in fact occurred and that defendant, alone or with accomplices, had been in exclusive possession of the recently stolen truck. Viewing the evidence in the light most favorable to the State, as we must on appeal, *State v. Lindsey*, Me., 413 A.2d 506, 509 (1980), we entertain no doubt that the jury could rationally make the required preliminary findings beyond a reasonable doubt.

The entry must be:

Judgment and order of commitment corrected to recite "Burglary (Class C)."

Judgment as so corrected affirmed.

All concurring.

◼

2. 17–A M.R.S.A. § 361(2) (Supp.1980) provides:
   Proof that the defendant was in exclusive possession of property that had recently been taken under circumstances constituting a violation of this chapter or of chapter 27 shall give rise to a presumption that the defendant is guilty of the theft or robbery of the proper-

ty, as the case may be, and proof that the theft or robbery occurred under circumstances constituting a violation of section 401 also shall give rise to a presumption that the defendant in exclusive possession of property recently so taken is guilty of the burglary.