**STATE of Maine**

v.

**Richard DURGAN.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1983.
Decided Nov. 3, 1983.

John R. Atwood, Dist. Atty., Paul D. Mathews, Asst. Dist. Atty., Bath, for plaintiff.

George Carlton, Jr. (orally), William Leonard, Bath, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

VIOLETTE, Justice.

Defendant, Richard Durgan, has appealed from a judgment of conviction entered by the Superior Court, Sagadahoc County, after a jury verdict finding him guilty of burglary and theft in violation of 17–A M.R.S.A. §§ 401 and 353 (1983). He maintains that the evidence produced by the State at trial was insufficient as a matter of law to support the convictions. Because we agree with defendant, we sustain the appeal and reverse the judgment entered below.

Initially, we observe that when reviewing a defendant's challenge to his conviction based on a claim of insufficient evidence, we may reverse the verdict only when "no trier of fact rationally could find proof of guilt beyond a reasonable doubt." *State v. Flick,* 425 A.2d 167, 169 (Me.1981). We must view the evidence in a light most favorable to the prosecution. *State v. Joy,* 452 A.2d 408, 411 (Me.1982). Viewed in such a light, the facts of the present case

indicate that during the late evening of Friday, August 29 or during the early morning of August 30, 1980, a locked, walk-in freezer located in a fenced-in area outside the kitchen of the former Bath Sheraton Hotel was burglarized. The padlocks on the freezer were cut from the outside door and a quantity of meat and other restaurant supplies was taken.

Prior to the burglary, at approximately 10:00 P.M. on August 29, defendant and one Wayne Crooker [1] were standing in the parking lot for the Sheraton in the vicinity of the walk-in freezer. The men approached a hotel employee who was unloading packaged ice from his station wagon into the freezer and asked him if he needed assistance. After the employee replied that he did, defendant and his companion helped him transfer the ice. The employee locked the freezer after the transfer was complete. The employee recognized Crooker as the same man he had bounced from the lounge of the Sheraton earlier in the week.

On the afternoon of Monday, September 1, 1980, several officers from the Bath police department executed a search warrant at the apartment occupied by Crooker. The police found the stolen food in the refrigerator. Five people, including defendant, were in the apartment at the time of the search. Defendant was lying on a mattress in a back bedroom at the time the police entered. Although defendant stayed at the apartment from time to time, there was no evidence that the apartment was, in fact, his residence either at the time of the search or at the time of the theft.

The State does not question that its case is based solely on circumstantial evidence. This fact, in itself, is not fatal to the prosecution. *State v. Crosby,* 456 A.2d 369, 370 (Me.1983). In this case, where the evidence is entirely circumstantial, to obtain a conviction for burglary or theft, the State must produce evidence that establishes beyond a reasonable doubt that the defendant was or had been at one time in exclusive possession of the recently stolen property. It has long been the rule in Maine that proof of exclusive possession allows the fact-finder to draw a permissive inference of the defendant's guilt of burglary and theft as long as the inference is valid in light of all the evidence.[2] *State v. Smith,* 435 A.2d 408, 410 (Me.1981); *State v. Sapiel,* 432 A.2d 1262, 1269 (Me.1980); *State v. Mimmovich,* 377 A.2d 116, 118 (Me.1977); *State v. Mosher,* 270 A.2d 451, 456 (Me. 1970); *State v. Saba,* 139 Me. 153, 158, 27 A.2d 813, 816 (1942); *State v. Russo,* 127 Me. 313, 314–15, 143 A. 99, 99–100 (1928).

To prove exclusive possession, the State need not establish that the defendant was in sole possession of recently stolen property. Proof of joint possession is sufficient. *State v. Mower,* 407 A.2d 729, 732 (Me.1979); *State v. King,* 379 A.2d 131, 134 (Me.1977); *State v. Gove,* 289 A.2d 679, 681 (Me.1972). Possession may be either actual or constructive. Actual possession of goods means that one has actual physical possession. Constructive possession means that although one does not have the actual physical custody of the goods, he has dominion, authority or control over them. Where, as in this case, there is no evidence of actual physical possession of the stolen goods by the defendant, the State, in order to provide the evidentiary basis sufficient for a finding of exclusive possession, must produce

1. Crooker was indicted as a codefendant. On January 28, 1982, he pleaded guilty to both counts of burglary and theft and was sentenced.

2. In 1975, this rule was codified by statute and is now located at 17–A M.R.S.A. § 361(2) (1983). As it relates to the present appeal, Section 361(2) provides that:
   [p]roof that the defendant was in exclusive possession of property that had recently been taken under circumstances constituting a [theft] shall give rise to a presumption that the defendant is guilty of the theft . . . of the property . . . and proof that the theft . . . occurred under circumstances constituting a [burglary] also shall give rise to a presumption that the defendant in exclusive possession of property recently so taken is guilty of the burglary.

evidence establishing the defendant's constructive possession as well as evidence of other possessive conduct on the part of the defendant in relation to the stolen goods. Proof of constructive possession alone is insufficient. *Mower,* 407 A.2d at 733; *King,* 379 A.2d at 134; *State v. Barrett,* 256 A.2d 666, 669 (Me.1969).

■ In the instant case, the extent of the undisputed evidence tying defendant to the stolen food is the fact that he was present at the scene of the crime on the night of the burglary some time before the actual break-in, and that he was present in an apartment in which the stolen food was found two and one-half days later. Even if we assume the evidence establishes defendant's constructive possession of the stolen food, an issue we do not decide here, defendant's presence in the apartment, without more, does not constitute evidence of "other possessive conduct" in relation to the stolen food. *King,* 379 A.2d at 134. Absent such evidence, even when the evidence of record is viewed in a light most favorable to the State, defendant cannot be found to have been in exclusive possession of the stolen food, a necessary prerequisite in this case to a finding of guilt on the charged offenses.[3] As such, the evidence produced at trial was inadequate to support the jury's guilty verdict. No rational trier of fact could find guilt beyond a reasonable doubt on this record.

The entry must be:

Judgment reversed.

All concurring.

---

**3.** By contrast, a finding of exclusive possession was supported by sufficient evidence in *State v. King,* 379 A.2d 131 (Me.1977). In *King,* the evidence showed that two days after a theft of tools from a garage, the stolen tools were discovered in the basement of an apartment house that the defendant frequented. The evidence also showed that the defendant's fingerprint was on one of the tools and that the defendant both visited the basement after the tools were placed there and, at one point, offered to show them to a friend. *Id.* at 133. This evidentiary showing was found sufficient to establish the defendant's constructive possession of the tools and also to establish "other possessive conduct" on his part. *See also, State v. Mower,* 407 A.2d 729 (Me.1979).