**STATE of Maine**

v.

**Russell ALLEN.**

Supreme Judicial Court of Maine.

Argued June 14, 1983.

Decided July 11, 1983.

John R. Atwood, Dist. Atty., William Anderson, Asst. Dist. Atty., Belfast, for plaintiff.

Richard M. Dostie, Belfast, Percy Willette, Unity, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

After a jury trial, the Superior Court (Waldo County) convicted defendant Russell Allen of one count of attempted gross sexual misconduct, 17–A M.R.S.A. § 152 (1983), a Class B crime, and one count of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (1983), a Class A crime. Allen was sentenced to five years in Maine State Prison on each count, the sentences to be served concurrently. The attempted gross sexual misconduct charge involved defendant's stepdaughter, an eleven-year-old girl; the gross sexual misconduct charge involved defendant's stepson, a ten-year-old boy.[1] In this appeal, defendant claims that the presiding justice erred in excluding evidence of an out-of-court statement made by one of the prosecution witnesses that was inconsistent with that witness's trial testimony. Defendant also contends that the evidence adduced at trial was insufficient as a matter of law to support either conviction.

We agree that the presiding justice committed error in excluding the prior inconsistent statement offered by the defense to impeach a prosecution witness's trial testimony, and we find that the error requires us to vacate the attempt conviction. However, we find no legal infirmity in Allen's Class A gross sexual misconduct conviction, since the erroneously excluded impeachment testimony related only to the attempt count involving defendant's stepdaughter; the evidence relating to the gross sexual misconduct charge involving his stepson was sufficient to support the jury's verdict of guilty on that count.

### 1. *Exclusion of Prior Inconsistent Statement*

The State put on two witnesses in its effort to prove that defendant engaged in a

---

1. Defendant was indicted on two counts of gross sexual misconduct. Count I, involving the stepdaughter as the victim, was reduced to attempted gross sexual misconduct at the close of the State's case and the jury was instructed accordingly. Attempted gross sexual misconduct is a lesser included offense within gross sexual misconduct by virtue of 17–A M.R.S.A. §§ 13–A(2)(C) and 152(3–A) (1983).

sexual act with his stepdaughter. One of them was the girl herself, who testified that defendant had come into her room on the evening of July 6, 1981, unzipped her night-gown, pushed her onto the bed, and re-moved her underpants. The girl told the jury that defendant "tried sticking his fin-gers in my privates" and "tried sticking his penis in my privates," then left the room when he heard footsteps. The incident, she said, occurred on the day after the family had moved into a trailer home in Knox, Maine. Until a few days earlier, the family had resided in Iowa.

The prosecution's second witness was De-tective Michael McFadden of the Waldo County Sheriff's Department. McFadden testified that he interviewed both children in December of 1981 and then discussed what they had told him with defendant Russell Allen. Defendant said he had noth-ing to hide and would answer the detec-tive's questions. McFadden then testified:

> In regards to an incident involving [his stepdaughter], Mr. Allen told me that he had a drinking problem, and he admitted to me that he was an alcoholic. He stat-ed that while he drinks, he has lapses of memory, but he said that he did recall that while he was drunk on one occasion he saw his stepdaughter ... walking by his room with just her underpants and bra on. He went on to say that he got out of bed, reached to grab her and make her go back to bed and that her bra came off, and he said he couldn't remember any more.

On cross-examination, McFadden stated that defendant had indicated that the inci-dent he described was "his side of the event" that the girl had told McFadden about. Defense counsel asked, "Did he ever say anything to you about this incident that he described having taken place in the State of Iowa?" The detective replied, "No, this was—the indication in the statement was

that this occurred in Knox, Maine, at the Aglamore Farm."

· Further examination brought out the fact that the detective had reduced defendant's statement about the incident with his step-daughter to writing and had signed it.[2] Before McFadden left the stand, he was asked whether he had ever told Ruth Allen, defendant's wife and the victim's natural mother, that the incident described in the signed statement took place in Iowa. The detective replied, "No, it was—"

Later in the trial, Ruth Allen took the stand as a defense witness. She testified that Detective McFadden had told her about the statement defendant made and signed. The prosecutor objected to further questions about McFadden's conversation with Ruth as hearsay. Defense counsel ex-plained at sidebar that he expected Ruth to testify that McFadden "came to her and said that Russell gave this statement but that it happened in Iowa." The presiding justice sustained the prosecutor's objection, and Ruth said nothing further about her discussion with McFadden.

■ The Superior Court should have overruled the prosecution's objection and allowed Ruth to testify. It has long been the rule in Maine that a witness may be impeached by evidence that he made an earlier, out-of-court statement inconsistent with his trial testimony. "Evidence of pri-or, material, inconsistent statements is ad-missible as bearing on the credibility of the witness's in-court testimony." *State v. Robbins,* 318 A.2d 51, 60 (Me.1974). The Maine Rules of Evidence, in use since 1976, have not changed the rule. Evidence of a prior inconsistent statement is proper impeachment under Rule 607; the out-of-court statement is not hearsay under Rule 801(c) because it is offered not for the truth of the matter asserted but merely to dem-onstrate that the witness has told a differ-ent story in the past and therefore that his trial testimony may not be as reliable as it

---

**2.** McFadden said that defendant made a second statement as well, but that it had not been transcribed verbatim or signed by defendant. There was no testimony about the content of that second, unsigned statement.

appears. *See* Field & Murray, *Maine Evidence* § 607.4 (1976); Field, *The Maine Rules of Evidence: What They Are and How They Got That Way,* 27 Me.L.Rev. 203, 220 (1975). There are two preconditions to the admission of an out-of-court statement under the prior inconsistent statement rule: the out-of-court statement must truly be inconsistent with the witness's trial testimony, *see State v. St. Germain,* 369 A.2d 631, 632 (Me.1977), and the impeachment must be on a matter that is "relevant" as opposed to "collateral," *see State v. Gullifer,* 384 A.2d 48, 50 (Me.1978); *State v. Lewisohn,* 379 A.2d 1192, 1202 (Me.1977); *State v. Bunker,* 351 A.2d 841, 843 (Me.1976); *State v. Pinnette,* 340 A.2d 17, 22 (Me.1975); *State v. Pullen,* 266 A.2d 222, 225 (Me.1970) (witness may be impeached on "material" facts); Field & Murray, *supra,* at 140.

 In this case, the proposed out-of-court statement satisfied both preconditions. McFadden testified at trial that defendant Allen had indicated that the incident described in his signed statement occurred in Maine. Ruth, according to defense counsel's offer of proof, would have testified that McFadden had told *her* that defendant's signed statement concerned an incident that occurred in Iowa.[3] The inconsistency is readily apparent.[4] And Ruth's proposed testimony would have impeached McFadden on a factual matter directly "relevant" to the prosecution in Maine on the attempt count, rather than on a "collateral" matter. "Relevant evidence is that which relates logically to a fact or issue at hand." *State v. Lewisohn,* 379 A.2d at 1202. "[T]he

true line of distinction is that which has been established between those questions which are merely collateral, and have no immediate connection with the cause, and those which intimately relate to the subject of the inquiry." *Ware v. Ware,* 8 Me. 42, 53 (1831).

In this case the defense sought to use evidence of McFadden's prior inconsistent statement to impeach his testimony that defendant Allen had indicated that the incident described in his signed statement (which was said to be defendant's "side of the event" at issue in the trial) happened in Maine. This matter "relate[d] logically to a fact or issue at hand," namely, the location of the incident involving defendant's stepdaughter, whether in Maine or in Iowa; resolution of that fact would be determinative of the criminal jurisdiction of the Maine court. Ruth's proposed testimony thus would have tended to impeach McFadden on a relevant rather than collateral matter, and should have been admitted.

 Nor can we say that the error in excluding evidence of a prior inconsistent statement should be disregarded as "harmless" under M.R.Crim.P. 52(a). An error is harmless if "the appellate court believes it highly probable that the error did not affect the judgment." *State v. True,* 438 A.2d 460, 467 (Me.1981) (quoting R. Traynor, *The Riddle of Harmless Error* 35 (1970)). In this case, a reviewing court cannot say that it is highly probable that defendant would have been convicted of attempted gross sex-

---

**3.** There is no "double hearsay" problem here, *see* M.R.Evid. 805, because testimony about anything defendant said would be admissible under M.R.Evid. 801(d)(2)(A) as an admission by a party-opponent.

**4.** The State argues that the defense was precluded from offering "extrinsic evidence" of McFadden's prior inconsistent statement because McFadden never denied making it while he was on the stand. This argument fails for two reasons. First, the transcript reveals that McFadden replied, "No, it was . . ." when asked whether he had ever told Ruth Allen that Russell's signed statement concerned an incident that had taken place in Iowa. While not

totally unambiguous, McFadden's words seem to constitute the denial that the State believes to be required. Even if McFadden had never been asked about his conversation with Ruth, however, her impeaching testimony would be admissible. Maine law does not require a witness to deny making a prior inconsistent statement before evidence of that statement may be introduced. *See* M.R.Evid. 613 Advisers' Note, Field & Murray, *supra,* at 161, 162; *State v. Pullen,* 266 A.2d at 225. It is enough that the prior out-of-court statement be inconsistent with the witness's trial testimony and concern a relevant matter.

ual misconduct with his stepdaughter even if Ruth had been allowed to testify about McFadden's prior inconsistent statement as to where defendant Allen said his admitted contact with his stepdaughter had occurred.

We do not believe, however, that the trial court's failure to allow McFadden's testimony to be impeached could have had any impact upon the jury's guilty verdict on the second count involving defendant's stepson. McFadden's testimony related solely to the first count involving the step-daughter; he said nothing about any incident involving the boy, beyond saying that he had interviewed both children.

### 2. Sufficiency of the Evidence

We reject defendant Allen's remaining argument that the jury heard insufficient evidence to support its verdict of guilt on the second count, gross sexual misconduct with his stepson.

The only testimony tending to prove that defendant engaged in a sexual act with his stepson came from the boy himself, aged 11 at the time of the trial. Nonetheless, it is well established that the testimony of the victim alone can support a conviction if that testimony is not "contradictory, unreasonable, or incredible." *State v. Pierce,* 438 A.2d 247, 252 (Me.1981) (child victim testifying in gross sexual misconduct case). In his testimony the stepson clearly related the essential facts necessary to make out a charge of gross sexual misconduct under 17–A M.R.S.A. § 253(1)(B). The victim's story was neither internally inconsistent nor inherently incredible.

On appeal a jury verdict must stand against a claim of insufficiency of the evidence unless on the evidence before it the jury could not rationally have reached its conclusion. *See State v. Ruprecht,* 458 A.2d 418, 419 (Me.1983); *State v. Bleyl,* 435 A.2d 1349, 1368 (Me.1981). Nothing here would justify an appellate court in vacating the jury's factual conclusion based on the boy's testimony.

The entry is:

Judgment of conviction on Count I (attempted gross sexual misconduct) vacated.

Judgment of conviction on Count II (gross sexual misconduct) affirmed.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.