**STATE of Maine**

v.

**Raymond JONES.**

Supreme Judicial Court of Maine.

Argued March 2, 1987.

Decided April 2, 1987.

Mary C. Tousignant, Dist. Atty., David Gregory (orally), Alfred, for plaintiff.

Michael Ayotte (orally), Caron, Ayotte & Boone, Saco, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Defendant Raymond Jones appeals from his conviction by a Superior Court jury (York County) on the first count of a two-count indictment charging him with gross sexual misconduct, 17–A M.R.S.A. § 253 (1983 & Supp.1986), involving an eight-year-old girl ("S."). Jones contends that he was deprived of a fair trial by a witness's statement that S. had accused Jones of molesting her on an occasion other than the two encompassed by the indictment.

The first count of the indictment charged that on March 28, 1985, Jones engaged in a sexual act with S. in the woods behind the elementary school she attended; and the second count charged that Jones engaged in a sexual act with her later that same day at a nearby sand pit. S., by then ten years of age, testified at trial to the sexual misconduct charged by the indictment. Although two teachers corroborated her testimony regarding the first count that she had gone into and come out of the woods with Jones, S. alone testified to the sexual contact. The State's case therefore depended upon her credibility.

To impeach S.'s credibility, defense counsel presented evidence to show that the girl at various times had accused at least two other men of abusing her. He also introduced evidence to show that her own parents had some doubts about her story that Jones had sexually abused her. To do so he called as a witness Cynthia Rowe, a family friend and confidante. Mrs. Rowe testified that S.'s parents initially "weren't quite sure whether or not to believe her" and that they had brought S. to talk to Mrs. Rowe so the latter could ascertain whether she was telling the truth about Jones.

The State on cross-examination asked Mrs. Rowe what S. had told her when the parents had brought the girl to her. Defense counsel made a general objection to that question, but failed to state any grounds for his objection. The presiding justice without comment overruled the objection. Then Mrs. Rowe answered that S. had told her that Jones, at a time when he was staying overnight at her parents' home, had sexually molested her in the bathroom. The defense attorney made no motion to strike that testimony. The State's attorney, however, promptly steered Mrs. Rowe back to the events charged in the indictment. Only after several further questions and answers had gone onto the record did defense counsel react to Mrs. Rowe's answer to the first question by requesting a sidebar conference. In that conference defense counsel made a motion for mistrial, specifying no reason for the motion other than that another incident of alleged sexual misconduct by Jones against S. had come out before the jury. The presiding justice denied that motion.

On appeal Jones first contends that the presiding justice committed reversible error by overruling his general objection to the State's question that resulted in the testimony about the bathroom incident. We do not agree. Error may not be predicated upon a general objection unless the ground is apparent from the context (M.R. Evid. 103) or the anticipated testimony will not be admissible for any purpose. Field & Murray, *Maine Evidence* § 103.2, at 4 (1976). As part of his trial strategy, defense counsel on direct examination of Mrs. Rowe had attempted to create the implication that S. was lying from the fact that her parents sought Mrs. Rowe's opinion as to whether the girl was telling the truth. On cross-examination of this defense witness, the State was entitled to explore what occurred at the meeting arranged by the parents between the girl and Mrs. Rowe. What S. said to Mrs. Rowe was relevant and admissible to rebut the inference that she was lying. Mrs. Rowe's testimony was a foundation for and predicate to her subsequent testimony, brought out by the State without objection, that she had concluded that S. had indeed told her parents the truth. At the time the presiding justice was called upon to rule on defense counsel's general objection, the pending question was entirely appropriate to adduce potentially admissible testimony. It was defense counsel's job to define and preserve his objection by stating his reasoning, if

when confronted with the State's broadly framed question he expected an inadmissible response. He failed to do so. We therefore find no reversible error in the presiding justice's failure to sustain his general objection when the question was first asked.

 Jones also contends that the presiding justice committed reversible error in denying his later motion for mistrial. Again we do not agree. The presiding justice's ruling on a motion for mistrial is reviewed only for abuse of discretion, in recognition of his superior vantage point in assessing the impact of objectionable testimony. *State v. Hilton*, 431 A.2d 1296, 1302 (Me.1981). Even if we assume that S.'s out-of-court statement about the bathroom incident was inadmissible, Mrs. Rowe's statement in testimony before the jury did not compel the justice to declare a mistrial. Only "exceptionally prejudicial circumstances or prosecutorial bad faith" will justify our overruling the trial judge's exercise of judgment on defendant's motion for mistrial. *Id.* at 1302; *State v. Dube*, 522 A.2d 904 (Me.1987). Defense counsel did not elaborate on the reasons for his motion for mistrial by explaining to the presiding justice any way that the offending statement so jeopardized the fairness of the trial that "remedial measures short of a new trial [would] not satisfy the interests of justice." *State v. Thornton*, 414 A.2d 229, 235 (Me.1980). No suggestion whatsoever of "prosecutorial bad faith" appears on the record; in fact the prosecutor was apparently just as surprised as was the presiding justice when the bathroom incident came out and promptly acted to limit the impact of that remark.

From the appellate record we cannot conclude that Jones was exceptionally prejudiced by the testimony of the bathroom incident. In light of the defense counsel's use of S.'s accusations of others to impeach her, the fact that she had made yet another accusation was at least as likely to erode her credibility as to enhance it. Moreover, the opportunity afforded the jury to evaluate S.'s credibility directly when she was on the witness stand substantially diminishes the importance of Mrs. Rowe's testimony in the whole picture. We conclude that the presiding justice did not exceed the scope of his permissible discretion by denying defense counsel's motion for mistrial.

 Defendant's other points on appeal do not merit discussion, except that we note the dubious propriety of the District Attorney's comment in closing argument that the State's burden of proving guilt beyond a reasonable doubt "is met and proven thousands and thousands of times every day in the United States." Even if that over-dramatic statement was error, however, it was harmless error in light of the coincident reference by the District Attorney to the instructions to be given by the presiding justice defining reasonable doubt, and in light of the thorough instructions the justice in fact did give the jury on the subject.

The entry is:

Judgment of conviction affirmed.

All concurring.