**STATE of Maine**

v.

**Timothy ROBINSON.**

Supreme Judicial Court of Maine.

Argued June 12, 1989.
Decided July 13, 1989.

R. Christopher Almy, Dist. Atty. and Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for the State.

Marshall T. Carey (orally), Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, Timothy Robinson, appeals from a judgment of the Superior Court (Penobscot County, *Smith, J.*) entered on a jury verdict finding him guilty of theft, Class B, 17–A M.R.S.A. § 353 (1983). Robinson contends on appeal that (1) the trial court erred in admitting the prior inconsistent statements of a witness; (2) the trial court failed to properly instruct the jury; (3) the evidence was insufficient to support the verdict of the jury; and (4) he was deprived of effective assistance of counsel. We affirm the judgment.

In May of 1988, the office of the Blue Knights International, a motorcycle club of police officers located in Brewer, was burglarized. The office was entered through a plate glass window and a computer keyboard, metal safe, telephone and answering machine were stolen.

Some of the items were found by the police at Robinson's residence, a home owned by Robinson's father. The phone and answering machine were found in a closed paper bag under a pile of laundry in Robinson's bedroom closet, and the computer and keyboard were found in a shed outside of the house. The safe was not found on the premises.

After a jury trial, Robinson was found not guilty of burglary, 17–A M.R.S.A. § 401 (1983 & Supp.1988), and guilty of theft. This appeal followed.

Robinson first contends that the court erred in permitting the testimony of Brewer Police Officer Steve Barker, who testified concerning prior statements made by Eugene Caston, a witness called to testify by the State. Caston admitted to having been involved in the burglary and theft after being confronted with a shoe impression and fingerprints tying him to the scene; he was later convicted for his involvement.

At Robinson's trial, Caston testified that he was acquainted with Robinson but, to the surprise of both the State and Robinson, denied that Robinson was involved in the commission of the crime. Caston stated that he hid the stolen items for a few days, and then asked Robinson to store a few things for him. He further testified that he did not tell Robinson that the items were stolen.

The State, confronted with Caston's unexpected denial of Robinson's participation in the burglary and theft, called Officer Barker who testified that he had interviewed Caston at the Penobscot County Jail. Barker testified that Caston had told him that Robinson had helped him remove the stolen property from the Blue Knights' office; that they used Robinson's father's car to transport the stolen items; and that they had disposed of the safe in a cemetery and stored the remaining items in the Robinson household. Before and after the impeaching testimony was presented, the trial court gave the jury a limiting instruction. The court stated that Barker's testimony was not being offered for the truth of its contents, but "on the matter of credibility of the testimony of Mr. Caston and on that credibility alone." Robinson did not object to the limiting instruction. In its final instructions, again without objection from Robinson, the court for the third time made clear to the jury that the purpose of Barker's testimony was limited to credibility.

Robinson contends that Barker's testimony was hearsay and that its admission was substantially prejudicial to him under M.R. Evid. 403 and constitutes obvious error. We disagree.

We have consistently held that a witness may be impeached by evidence that he made an earlier, out-of-court statement inconsistent with his trial testimony. *See, e.g., State v. Liberty*, 478 A.2d 1112, 1116 (Me.1984); *State v. Allen*, 462 A.2d 49, 51 (Me.1983). Because the out-of-court statement is introduced not to prove its truth but for the limited purpose of attacking the credibility of the maker, it is not hearsay and is properly admissible. *Liberty*, 478 A.2d at 1116. We have delineated, however, two preconditions before such statements may be admitted: the out-of-court statement must be truly inconsistent with the witness's trial testimony, and the impeachment must be based on a "relevant" and not a "collateral" matter. *Allen*, 462 A.2d at 52. Even if the prior statement satisfies all the prerequisites for admissibility as a prior inconsistent statement, a trial court must further ask whether the danger of unfair prejudice substantially outweighs the probative value of the evidence. *State v. Dodge*, 397 A.2d 588, 592 (Me.1979); M.R.Evid. 403. The danger of unfair prejudice arises from the risk that the out-of-court statement would be used by the jury as substantive proof of the defendant's guilt. *Dodge*, 397 A.2d at 592.

■ In the instant case, contrary to Caston's trial testimony, Caston had previously told Officer Barker that Robinson had assisted him in perpetrating the crime. Not only is that prior statement directly inconsistent with Caston's trial testimony, but it also concerns a central issue in the case—the extent of Robinson's participation in the crime. *See Allen,* 462 A.2d at 52. Because the statement was introduced to impeach Caston's trial testimony and not to prove the truth of the matter asserted, the testimony did not constitute hearsay. *See Liberty*, 478 A.2d at 1116. Moreover, the jury was properly instructed three separate times that the testimony was to be considered for a limited purpose only. There was no abuse of discretion in the admission of Caston's prior inconsistent statement.[1]

■ Robinson further argues that the jury instructions were inadequate. The court instructed the jury on the elements of burglary (17–A M.R.S.A. § 401 (1983)) and that they could find Robinson guilty of either theft by unauthorized taking (17–A M.R.S.A. § 353) or theft by receiving stolen property (17–A M.R.S.A. § 359 (1983)), both of which it defined.[2] In addition, the court instructed the jury under 17–A M.R.S.A. § 361(2) (1983) on the permissible inference, including the inference of theft, that may be drawn from the possession of property recently stolen. Robinson did not object at trial to the instructions, and our review of them discloses no obvious error affecting substantial rights. *State v. Herbest*, 551 A.2d 442, 447 (Me.1988); *State v. Griffin*, 487 A.2d 247, 249 (Me.1984).

■ Robinson also asserts that the evidence was insufficient to support his conviction of theft. Specifically, he contends that under 17–A M.R.S.A. § 359,[3] receiving

1. There is no suggestion in this case that the State called Eugene Caston as a witness in bad faith solely for the purpose of using Officer Barker's testimony. Both the State and Robinson appeared to be genuinely surprised by Caston's testimony exculpating Robinson.

2. 17–A M.R.S.A. § 351 (1983) consolidates theft crimes set out in Chapter 15 of the Criminal Code, including theft by unauthorized taking, section 353, and theft by receiving stolen property, section 359, into a single crime of theft. A specific allegation of theft under any of those sections will support evidentiary proof of theft under any other chapter 15 theft offense. *State*

*v. Laplante,* 534 A.2d 959, 965–66 n. 11 (Me. 1987).

3. 17–A M.R.S.A. § 359 (1983) provides as follows:

1. A person is guilty of theft, if he receives, retains or disposes of the property of another knowing that it has been stolen, or believing that it has probably been stolen, with the intention to deprive the owner thereof.

2. As used in this section, "receives" means acquiring possession, control or title, or lending on the security of the property.

For purposes of this section, property is "stolen" if it was obtained or unauthorized con-

stolen property, there was insufficient evidence of his knowledge or belief that the items found at his home were stolen. In addition, he argues that the evidence of his possession of the stolen items was insufficient to permit an inference under 17–A M.R.S.A. § 361(2) that he was guilty of the theft.[4]

■ The standard applied when reviewing the sufficiency of the evidence in a criminal case is "whether, based on [the] evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Barry*, 495 A.2d 825, 826 (Me. 1985). Caston testified that Robinson gave him permission to store the items at Robinson's home. Two of the items were found by the police in a closed paper bag under a pile of laundry in Robinson's bedroom closet, giving rise to an inference that Robinson was attempting to conceal them. Such evidence supports a finding that Robinson knew the goods were stolen or that he had a subjective belief that they probably were stolen within the meaning of 17–A M.R.S.A. § 359. *State v. Levi*, 384 A.2d 40, 41–42 (Me.1978).

■ To prove exclusive possession when there is no evidence of actual physical possession of the stolen goods, the State must prove the defendant's constructive possession as well as the defendant's exercise of dominion, control or right over the stolen goods. *State v. Durgan*, 467 A.2d 165, 167–68 (Me.1983); *State v. Mower*, 407 A.2d 729, 732–33 (Me.1979). Viewing the evidence in the light most favorable to the State, as we must, there is ample evidence that Robinson was in constructive possession of the stolen goods. They were found on the premises where he resided, and Caston testified that Robinson gave him permission to store them at the residence. Moreover, two of the items were found in Robinson's bedroom closet. The jury could find every element of the charge of theft beyond a reasonable doubt. *Barry*, 495 A.2d at 826.

■ Finally, Robinson argues that the performance of the attorney who represented him at trial was so deficient as to deprive him of effective assistance of counsel.[5] Such a claim cannot generally be raised on direct appeal but instead must await post-conviction proceedings. *State v. Gilcott*, 420 A.2d 1238, 1240 (Me.1980). "An exception to this rule applies only where the record clearly establishes representational difficulties that are 'plainly beyond explanation or justification.'" *Gilcott*, 420 A.2d at 1240 (quoting *State v. Dumont*, 379 A.2d 392, 392–93 (Me.1977)); *see also State v. Bagley*, 507 A.2d 560, 563 (Me.1986). A review of the record does not disclose any such apparent representational difficulties here.

The entry is: Judgment affirmed.

All concurring.

---

trol was exercised over it in violation of this chapter.

**4.** 17–A M.R.S.A. § 361(2) (1983) provides as follows:

2. Proof that the defendant was in exclusive possession of property that had recently been taken under circumstances constituting a violation of this chapter or of chapter 27 shall give rise to a presumption that the defendant is guilty of the theft or robbery of the property, as the case may be, and proof that the theft or robbery occurred under circumstances constituting a violation of section 401 also shall give rise to a presumption that the defendant in exclusive possession of property recently so taken is guilty of the burglary.

It has long been the rule in Maine that recent and exclusive possession of stolen goods may give rise to an inference that the person who is in possession of the goods is guilty of theft and burglary. *See State v. Durgan*, 467 A.2d 165, 167 (Me.1983); *State v. King*, 379 A.2d 131, 133 (Me.1977).

**5.** Robinson has new counsel on appeal.