STATE of Maine

v.

**Kirk DePHILIPPO.**

Supreme Judicial Court of Maine.

Argued April 26, 1993.
Decided July 29, 1993.

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Steven J. Lyman (orally), Law Offices of Carl D. McCue, Bangor, for state.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Following a jury trial, Kirk DePhilippo was convicted of burglary, 17–A M.R.S.A. § 401 (1983 & Supp.1992), attempted burglary, 17–A M.R.S.A. §§ 152, 401, theft, 17–A M.R.S.A. § 353 (1983 & Supp.1992), and operating a motor vehicle after suspension of his license, 29 M.R.S.A. § 2184 (1978 & Pamph.1992) (Penobscot County, *Silsby, J.*). By his appeal from the judgments entered on the convictions DePhilippo contends that the trial court erred by refusing to excuse certain jurors who heard another juror make potentially prejudicial comments and challenges the sufficiency of the evidence supporting the convictions of burglary, attempted burglary, and theft. We affirm the judgments.

I.

■ During a recess on the first day of trial, the court received a message from one of the jurors indicating that she recognized one of the co-defendants, George Walker. The court interviewed the juror in chambers, where she stated that she thought Walker had caused some problems while working on her house the previous summer. The court excused the juror from service. The court then interviewed three other jurors who heard the initial juror express her possible recognition of Walker. The court refused to excuse them and denied DePhilippo's prompt motion for a mistrial.

DePhilippo contends that the juror's comments incurably tainted the jury's impartiality and that the court erred in denying his motion for a mistrial. We have previously stated:

A motion for a mistrial is addressed to the sound discretion of the trial court, and we review a denial of the motion only for an abuse of that discretion.... The trial court should deny a motion for mistrial except in the rare case when the trial cannot proceed to a fair result and no remedy short of a new trial will satisfy the interests of justice. The determination by the trial court of whether the exposure to potentially prejudicial extraneous evidence incurably tainted the verdict of the jury stands unless clearly erroneous.

*State v. Clark*, 591 A.2d 462, 464 (Me.1991) (quoting *State v. Mason*, 528 A.2d 1259, 1260 (Me.1987)).

The court's actions in this case were entirely appropriate. "When the impartiality of an empaneled juror is called into question, the presiding justice should interview the juror about the circumstances in order to determine whether the juror can remain impartial." *Latremore v. Latremore*, 584 A.2d 626, 634 (Me.1990). After questioning the juror who made the comments, the court properly excused her from service. The court then, in the presence of counsel, conducted a thorough voir dire of the other three jurors and concluded they were still able to serve impartially. That determination "is accorded substantial deference because of the presiding justice's ability to observe the juror and assess credibility." *Id.* Significantly, in response to the court's questioning, each juror stated the remarks would not compromise that juror's fairness and impartiality. Based on the present record, therefore, we conclude that the trial court did not err in finding that the jury was not incurably tainted. *See e.g., State v. Pritchett*, 302 A.2d 101, 104 (Me.1973) (merely having knowledge of an incident is not the test for disqualifying jurors). Accordingly, the court did not abuse its discretion in denying DePhilippo's motion for a mistrial.

## II.

█ DePhilippo next contends that the evidence introduced at trial is insufficient to support his conviction of attempted burglary of Roger's Market in Hudson and, therefore, the court erred in denying his motion to acquit. We review DePhilippo's challenge to the sufficiency of the evidence in the light most favorable to the State to determine whether a jury could rationally find every element of the criminal charge beyond a reasonable doubt. *State v. Philbrick*, 551 A.2d 847, 852 (Me.1988). The State presented evidence that Kathryn Grant, who lived across the street from the market, was awakened at approximately 1:00 a.m. on August 11, 1990 by the sound of the market's burglar alarm. From her window she observed an individual vault into the driver's side of a white or light-colored pickup truck, but could not discern any of the individual's physical characteristics. She observed the truck leave the parking lot, head east on Route 43, and heard what she described as a very loud muffler.

Derek Trench, the manager of the market, who resides one and one-half miles east of the market on Route 43, testified that, after receiving a phone call from Kathryn Grant at approximately 1:00 a.m., he observed a white pickup truck with a very loud muffler speeding east on Route 43. Trench called the Penobscot County Sheriff's Department, reported a suspected burglary, and proceeded to the market where he observed damage to the lock on the front door.

Deputy Sheriff Joel Phelps, after being informed of possible criminal activity involving the occupants of a light-colored pickup truck, observed such a truck as it travelled east on Route 43, stopped the vehicle and discovered that the license of the driver, DePhilippo, had been suspended. Two other individuals were passengers in the truck. Both Grant and Trench were brought to the scene and identified the truck as the one they had seen and heard just moments earlier. DePhilippo testified on his own behalf and stated that although he did drive past the market on the night in question, he never stopped.

Based on the above evidence, we conclude that the jury could have rationally found beyond a reasonable doubt that it was DePhilippo who committed the attempted burglary at Roger's Market either as a principal or an accomplice. It was well within the jury's discretion to discredit the testimony of DePhilippo and believe the testimony of Grant, Trench and Phelps. As the evidence was legally sufficient to support the conviction, the court's denial of DePhilippo's motion to acquit was not error.

█ DePhilippo also challenges the sufficiency of the evidence supporting his convictions for burglary and theft at Daniel

McLeod's Glenburn residence. McLeod testified that he and his wife had been away from Friday, August 10, 1990, until Sunday, August 12, 1990. McLeod testified that several of the items stolen from his residence bore a label unique to armed forces commissaries and base exchanges. The testimony of McLeod's wife and a supervisor with the Army/Navy Exchange Services corroborated McLeod's testimony.

Detective Glen Ross of the Penobscot County Sheriff's Department testified that after receiving a call on August 12, 1990, reporting a possible burglary at the McLeods' home, he went to the home and observed it had been ransacked. Detective Ross also observed tire tracks that were inconsistent with any of the vehicles owned by the McLeods. Aware of the stop of the DePhilippo vehicle the previous day, Detective Ross ordered the pickup truck impounded. A search of the truck uncovered a bottle of coffee brandy tucked behind the back seat; two cans of tuna fish located in an open cubbyhole and one on the dashboard or floor; cans of soup; and a telescoping antenna from an electrical device found in the back of the open-bed truck. These items were similar to items missing from the McLeods' residence and many of the food items bore distinctive markings indicating that they were purchased at a military base exchange. Detective Ross also testified that the wheelbase of the truck was similar to the wheelbase of the tracks found at the scene.

▮ The State concedes that its case turns on the application of the inference permitted by 17–A M.R.S.A. § 361(2) (1983):

> Proof that the defendant was in exclusive possession of property that had been recently taken under circumstances constituting a violation of this chapter or of chapter 27 shall give rise to a presumption that the defendant is guilty of the theft or robbery of the property, as the case may be, and proof that the theft or robbery occurred under circumstances constituting a violation of section 401 [burglary statute] also shall give rise to a presumption that the defendant in exclusive possession of property recently so taken is guilty of burglary.

▮ Exclusive possession under this section does not mean sole possession, "[p]roof of joint possession is sufficient." *State v. Durgan,* 467 A.2d 165, 167 (Me. 1983) (citations omitted). Thus, the fact that DePhilippo was not alone in his vehicle at the time it was stopped does not preclude the application of this section. "Exclusive possession" may be established by evidence of either actual possession, meaning that the defendant has actual physical possession of the goods, or, in the alternative, constructive possession. *See id.* "Constructive possession means that although one does not have actual physical custody of the goods, he has dominion, authority or control over them." *Id.* While proof of actual possession is by itself sufficient to constitute "exclusive possession" and give rise to the presumption of section 361(2), proof of constructive possession alone is not sufficient. "Where, as in this case, there is no evidence of actual physical possession of the stolen goods by the defendant, the State, in order to provide the evidentiary basis sufficient for a finding of exclusive possession, must produce evidence establishing" that: (1) the defendant constructively possessed the stolen goods; and (2) the existence of "other possessive conduct on the part of the defendant in relation to the stolen goods." *Id.* at 167–68.

The fact that the stolen goods were found in a truck both owned and occupied, at the time of the stop, by DePhilippo, sufficiently establishes his constructive possession. *See State v. Mower,* 407 A.2d 729, 733 (Me.1979) (constructive possession established when stolen cigarettes found in bus defendant used as his own); *see also State v. Robinson,* 561 A.2d 492, 495 (Me. 1989) (constructive possession established when stolen goods found on premises where defendant resided). Moreover, "other possessive conduct" by DePhilippo is established by evidence that many of the stolen items were loose, visible and well within DePhilippo's reach and that DePhilippo was actually driving the truck when

he was stopped. *See State v. Mower*, 407 A.2d at 733 (fact that defendant was driving bus at time of stop gave rise to inference that he was in control of bus's contents); *see also State v. Robinson*, 561 A.2d at 495 (fact that defendant permitted accomplice to store stolen goods in defendant's residence establishes "other possessive conduct"). Thus, the jury could have found that DePhilippo was in exclusive possession of the stolen property and rationally inferred DePhilippo's guilt. Furthermore, the jury was free to weigh DePhilippo's credibility, reject his testimony, and convict him as either a principal or an accomplice to the crimes charged.

The entry is:

Judgments affirmed.

All concurring.