## STATE of Maine

v.

## David BEDRIN.

Supreme Judicial Court of Maine.

Argued Nov. 1, 1993.
Decided Dec. 14, 1993.

---

David W. Crook, Dist. Atty., Alan P. Kelley (orally), Asst. Dist. Atty., Augusta, for State.

William Maselli (orally), Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendant David Bedrin appeals from his convictions on two counts of unlawful sexual contact.[1] 17–A M.R.S.A. § 255. Bedrin contends that the Superior Court (Kennebec County, *Mead, J.*) erred in denying his motion for a mistrial based on an inadmissible prejudicial statement by a witness and committed reversible error by striking previously admitted impeachment evidence. He further contends that a question by the prosecutor implied other sexual misconduct and constitutes reversible error. Finding no error, we affirm.

Defendant was charged with three counts of unlawful sexual contact involving two minor girls. Prior to trial, the court granted defendant's motion in limine to prohibit all reference to his use or sale of marijuana. The trial included testimony that when defendant's daughter was eight, a six-year-old friend stayed overnight. Defendant had the girls undress and pose for photographs. He touched their vaginas with his hand. A couple of weeks later, defendant entered his daughter's bedroom and again touched her vagina with his hand. After that, he routinely touched her genitals or inserted his finger in her vagina. To establish the opportunity for such sexual contact to occur, the prosecutor asked the daughter if her father worked at the time. She responded: "Does selling pot count like working?" Defendant objected, but neither moved to strike her statement nor asked for a curative instruction. At the end of his daughter's testimony and after the noon recess, defendant moved for a mistrial, which the court denied.

A case worker from the Department of Human Services called by defendant testified that the daughter told her that defendant may have touched four of her other friends. Another defense witness, Officer Dennis Latendresse, of the Augusta Police Department, testified that he spoke with two of these four friends. Based on conversation with one girl, Latendresse stated his impression that she had never stayed overnight, and based on conversation with the other girl, he stated his impression that defendant never touched her. The State objected repeatedly to this line of questioning. On cross-examination, Latendresse testified that one of the girls said she

---

1. The criminal code provides, in relevant part, that:

> A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and:
>
> ....
>
> C. The other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older.

17–A M.R.S.A. § 255 (Supp.1992).
Sexual contact is defined as:

> [A]ny touching of the genitals or anus, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact.

17–A M.R.S.A. § 251(1)(D) (1983 & Supp.1992).

**1292**

would never go back to defendant's house. When the State asked why, defendant objected and the question was withdrawn. In apparent recognition of the fact that defendant was impeaching his daughter's testimony with the friends' out-of-court statements to the officer, the court struck the hearsay testimony and instructed the jury to disregard it. The jury convicted Bedrin on two counts of unlawful sexual contact. He now appeals.

Defendant argues that his daughter's remark about selling pot entitled him to a mistrial. Normally we review the court's refusal to grant a mistrial for an abuse of discretion, *State v. Herbest,* 551 A.2d 442, 444 (Me.1988), and only overrule that decision for exceptionally prejudicial circumstances or prosecutorial bad faith. *State v. Jones,* 523 A.2d 579, 581 (Me.1987). Here, however, the standard of review is even higher because defendant failed to seek a curative instruction or to timely move for a mistrial. Therefore, we will reverse the trial justice's decision only for obvious error. Obvious error is a seriously prejudicial error tending to produce manifest injustice, such serious injustice that we cannot in good conscience let the conviction stand. *State v. True,* 438 A.2d 460, 467, 469 (Me.1981). Based on a review of the entire record, we conclude that the daughter's statement does not rise to the level of obvious error.

Defendant next argues that by asking Latendresse why one of the daughter's friends would never go back to defendant's house, the prosecutor committed reversible error by creating the impression that unlawful sexual contact had occurred with a third victim. Defendant objected to this question and it was withdrawn without being answered. Error cannot be predicated on a question that is objected to and never answered. *State v. Mason,* 528 A.2d 1259, 1260 (Me.1987); *State v. Franzen,* 461 A.2d 1068, 1073 (Me.1983).

Defendant finally argues that the court erred when it struck most of Officer Latendresse's testimony because that testimony was admissible for purposes of impeachment and was not inadmissible hearsay. Defendant relies on *U.S. v. Hudson,* 970 F.2d 948 (1st Cir.1992), for the proposition that the exclusion of impeachment evidence warrants reversal of his conviction. In *Hudson,* the court held that prior inconsistent statements by a witness that contradicted the witness's testimony at trial should have been admitted solely for impeachment purposes. *Id.* at 957–958. Likewise, we have recognized that a witness may be impeached by evidence that she made an earlier, out-of-court statement inconsistent with her trial testimony. *State v. Allen,* 462 A.2d 49, 51 (Me.1983).

Defendant's reliance on *Hudson* is misplaced. Defendant did not seek to introduce prior inconsistent statements by his daughter that conflicted with her trial testimony. Rather, through two witnesses, he introduced her statements to the effect that four other friends had stayed overnight and may have been touched. Such testimony was not inconsistent with her testimony at trial. Defendant then sought to impeach his daughter by offering Officer Letendresse's testimony concerning statements made to him by two of the four friends. Those out-of-court statements are hearsay, not prior inconsistent statements by the daughter. They fall within no recognized exception to the hearsay rule and were properly stricken from the record. *See* M.R.Evid. 803. The Superior Court did not err.

The entry is:

Judgments affirmed.

All concurring.