**STATE of Maine**

v.

**Lawrence A. GILMAN, Jr.**

Supreme Judicial Court of Maine.

Argued Jan. 27, 1994.
Decided March 2, 1994.

Michael E. Povich, Dist. Atty., Steven A. Juskewitch (orally), Deputy Dist. Atty., Ellsworth, for the State.

Raymond Williams (orally), Beardsley & Williams, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Lawrence A. Gilman, Jr., appeals from a judgment entered in the Superior Court (Hancock County, *Smith, J.*) on a jury verdict, convicting him of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Class C) (Supp.1993). On appeal, he contends that the court erred in refusing to allow evidence of prior allegations of sexual abuse made by the victim and in refusing to grant a mistrial because of statements made by a juror re-

garding Gilman's guilt. We affirm the judgment.

At trial, Gilman attempted to introduce evidence that the victim had previously accused other persons of sexual abuse. He suggested to the court that the evidence was relevant to the victim's credibility, and requested permission to ask the victim's mother about the accusations in order to obtain her comment on the victim's credibility. Questions that solicit an opinion on whether another witness lied are impermissible, however, as an invasion of the jury's exclusive province to assess credibility. *State v. Steen,* 623 A.2d 146, 149 (Me.1993). The court properly excluded that line of questioning of the victim's mother.

On appeal, Gilman argues for the first time that the past allegations of abuse are relevant to rebut the "tender years assumption"—the inference that a jury might otherwise draw that a young child is so naive sexually that she could not have fabricated a charge of sexual abuse. *See State v. Jacques,* 558 A.2d 706, 708 (Me.1989). This issue was not preserved below, and we therefore review only for obvious error. *See* M.R.Crim.P. 52(b). In these circumstances, we find none. The presumption of sexual naiveté arises, thereby permitting evidence to rebut it, only when a child witness "display[s] extraordinary sexual knowledge for his or her age." *State v. Knox,* 634 A.2d 952, 953 (Me.1993). This victim, twelve years old at the time of trial, did not display that kind of knowledge, using terminology such as "my private," "my crotch," and "my front." *See United States v. Torres,* 937 F.2d 1469, 1474 (9th Cir.1991) (evidence of nine-year-old's past sexual behavior inadmissible to establish alternative source of sexual knowledge when child used words such as "private spot" and "private places"), *cert. denied,* ── U.S. ──, 112 S.Ct. 886, 116 L.Ed.2d 789 (1992). There was no obvious error in refusing to admit the proffered evidence.

Gilman also asserts that he was deprived of a fair trial because the court refused to declare a mistrial after one juror told other jurors that he sympathized with the victim and believed that the defendant was guilty.

The court excused that juror, and then questioned the remaining jurors individually, allowing both Gilman and the State to question them as well. The jury's overwhelming reaction to the excused juror's behavior was negative, and each juror assured the judge that he or she could remain impartial.

 We review the decision whether to grant a mistrial only for an abuse of discretion. *State v. Bedrin*, 634 A.2d 1290, 1292 (Me.1993). Such a motion should be granted only in the rare case where a fair result cannot be obtained, and therefore only a new trial will satisfy the interests of justice. *State v. DePhilippo*, 628 A.2d 1057, 1058 (Me.1993). The trial court's determination whether potentially prejudicial extraneous information "incurably tainted the verdict" will stand unless clearly erroneous, *id.,* and we will overrule the denial of a motion for mistrial only in "exceptionally prejudicial circumstances" or for prosecutorial bad faith, *Bedrin*, 634 A.2d at 1292.

 When jurors' impartiality is questioned, the trial court should, as was done here, interview them individually to determine if each can remain impartial. *DePhilippo*, 628 A.2d at 1059. The court's determination that a juror can still serve impartially is entitled to substantial deference because of the court's ability to observe the jurors and to assess credibility. *Id.* The fact that each of the jurors assured the court that he or she could remain impartial is significant. *See id. Cf. State v. Pritchett*, 302 A.2d 101, 104 (Me. 1973) (test for juror disqualification is not mere knowledge of an incident, but rather whether the juror holds a fixed opinion of the facts or of the defendant's guilt). Based on their reactions and responses, the court did not err in concluding that the jury was not incurably tainted. On the contrary, the jurors recognized the impropriety of the excused juror's conduct and displayed a heightened awareness of the importance of impartiality. The court acted well within its discretion in denying Gilman's motion for a mistrial.

 Contrary to Gilman's assertions, the evidence was sufficient for the jury rationally to have found him guilty beyond a reasonable doubt. *See State v. Barry*, 495 A.2d 825, 826 (Me.1985). His remaining contentions are without merit.

The entry is:

Judgment affirmed.

All concurring.