**STATE of Maine**

v.

**Ernest Brian WEIDUL.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 7, 1994.

Decided Oct. 25, 1994.

Michael Cantara, Dist. Atty., Christopher Pazar, Asst. Dist. Atty., David Gregory, Alfred, for State.

David S. Severance, Kezar Falls, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Ernest Brian Weidul appeals from the judgment entered in the Superior Court (York County, *Saufley, J.*) on a jury verdict finding him guilty of criminal threatening with a dangerous weapon in violation of 17–A M.R.S.A. § 209 (1983).[1] He contends that the trial court erred by denying his motion for a mistrial based on a witness's reference to Weidul's incarceration. He also argues

---

1.  17–A M.R.S.A. § 1252(4) (1983) provides in pertinent part:
    If the State pleads and proves that a Class B, C, D or E crime was committed with the use of a dangerous weapon, then the sentencing class for such crime is one class higher than it would otherwise be.

that the alleged opportunity for jurors to observe him while in the custody of uniformed officers deprived him of a fair trial. We affirm the judgment.

Following the original trial of this matter, in *State v. Weidul*, 628 A.2d 135 (Me.1993), we vacated the judgment entered on the jury's verdict finding Weidul guilty of the present charge. The issues raised by this appeal arose during the retrial of this case. Because of his inability to meet the bail requirement, Weidul has remained in custody since April 1991, the date of his arrest on the present charge.

In the State's direct examination of Weidul's father, who was the alleged victim of the charge against Weidul, the State asked, "And you are aware that if convicted your son faces [a] potential jail sentence, isn't that true?" The witness responded, "Well, he's already served 29 months." Weidul made no objection to this exchange nor did he move to strike the witness's answer. Following the completion of the State's examination of the witness, Weidul moved for a mistrial based upon the witness's reference to Weidul's prior incarceration. The court specifically found that the reference to the prior incarceration did not give rise to an inference that Weidul had been previously convicted of the present charge and denied Weidul's motion. Weidul declined the court's offer of a curative instruction.

On the second day of the trial Weidul reported to the court that a juror in the parking lot during the noon recess had seen Weidul while handcuffed and accompanied by a uniformed police officer. He also contended that the jurors could observe Weidul through a window in the jury room being brought into the courtroom in the custody of a uniformed police officer. In response to Weidul's first contention and outside the presence of the other jurors, the court examined the challenged juror and the police officer while the parties were present. The juror denied having seen Weidul in the parking lot. The juror's statement was consistent with the officer's account of the incident. The court determined that, contrary to Weidul's contention, the juror had not seen him. The court and the parties also examined the jury room. The court concluded that the jurors could not determine the identity of an individual in the courtroom by looking through the window in the jury room. Weidul neither challenged the court's determinations nor requested further action by the court. From the judgment entered on the jury's verdict finding Weidul guilty of the charged offense, Weidul appeals.

■■■ Weidul first contends that the trial court erred by denying his motion for a mistrial. He argues that he was denied a fair trial because the jury could have based its verdict on the inference, arising from the witness's nonresponsive answer, that Weidul had previously been convicted of the charged offense. We disagree. "Knowledge by jurors that a prior trial ha[s] occurred is not *per se* prejudicial to [a] defendant[ ]." *State v. Libby*, 435 A.2d 1075, 1079 (Me.1981). We review the trial court's denial of a defendant's motion for a mistrial for an abuse of discretion and will only overrule its decision when the record discloses exceptionally prejudicial circumstances or prosecutorial bad faith. *State v. Bedrin*, 634 A.2d 1290, 1292 (Me.1993). Here, the State instructed the witness to avoid any references to the previous trial of this matter. Weidul twice declined the court's offer to instruct the jury to disregard the challenged testimony. On this record, we cannot say that the trial court erred in its finding or abused its discretion by refusing to grant Weidul's motion for a mistrial based on the witness's brief nonresponsive reference to Weidul's incarceration. *See Libby*, 435 A.2d at 1079 (fair deference owed trial court's finding because it has observed how witness made challenged remark and jurors' reaction to it).

■■■ We find no merit in Weidul's contention that he was deprived of a fair trial because jurors might have seen him in handcuffs or in police custody during the trial. Weidul did not challenge the procedure followed by the court in response to his contentions. He did not at the trial, nor does he on appeal, challenge the court's determination that no exposure of the jury to Weidul in handcuffs or in police custody occurred.

The entry is:

Judgment affirmed.

All concurring.