Hillsborough-southern judicial district
No. 99-160

THE STATE OF NEW HAMPSHIRE

v.

DAVID BATHALON

June 11, 2001

*Philip T. McLaughlin*, attorney general (*Simon R. Brown*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, and *Carl Olson*, assistant appellate defender, of Littleton (*Mr. Duggan* on the brief, and *Mr. Olson* orally) for the defendant.

BRODERICK, J. Following a jury trial in Superior Court (*Sullivan*, J.), the defendant, David Bathalon, appealed his conviction for second degree assault. *See* RSA 631:2 (1996). On appeal, he contends that improper intra-jury communication was so prejudicial as to require a mistrial, and that the trial court's jury instructions impermissibly amended his indictment. We affirm.

The record supports the following facts. The defendant was indicted for second degree assault and charged with recklessly causing bodily injury by means of a deadly weapon to a neighbor in his apartment building. On the final day of trial, during an in-chambers conference with counsel, a juror informed the trial court that the previous day, before any defense witnesses had testified, another juror made "a comment regarding her opinion of the defendant's guilt." According to the reporting juror, when other jurors cautioned the offending juror not to discuss the case she responded by saying, "well, you just can't believe the looks that I've — the looks from him." The reporting juror said she was not influenced by this comment, but that several other jurors heard it.

The trial court interviewed the juror who made the remark and she acknowledged that she may have told other jurors, "I think he's guilty as hell." The trial court immediately removed her from the panel and individually questioned the remaining jurors to determine what they heard and whether their impartiality had been compromised.

Five jurors admitted hearing some sort of comment the previous day. They generally recalled the offending juror saying that the defendant was guilty, that he looked guilty, or that her mind was made up about his guilt. The remaining seven jurors told the trial court they had heard nothing. No juror said that his or her impartiality had been affected in any way.

Following the trial court's individual *voir dire* of the jury, the defendant moved for a mistrial. The trial court denied the motion, reasoning that no juror had been influenced by the improper intra-jury comment regarding the defendant's guilt.

In its instructions to the jury, the trial court said that the State was required to prove beyond a reasonable doubt that the defendant had acted recklessly. In addition, the trial court charged the jury, over the defendant's objection, that:

> Under New Hampshire law recklessness can also be established by the State if it proves that the defendant acted either purposely or knowingly. If the State proves to you beyond a reasonable doubt that the defendant acted pur-

posely or knowingly in this case, i.e., that he purposely and/or knowingly struck the victim with a baseball bat, then the State has established that the defendant acted recklessly. In order to convict the defendant the Jury must agree unanimously on the issue of the mental state. For example, six jurors cannot agree that the defendant acted purposely and six jurors agree that the defendant acted recklessly. All the jurors must find unanimously that the defendant acted with at least one of the same mental states; recklessly, knowingly or purposely. You can agree that the defendant acted with more than one mental state, but before the defendant can be convicted, you must all agree that the defendant acted with at least one of the same mental states.

Because the trial court instructed the jury that it could convict the defendant if they found he acted purposely or knowingly, the defendant requested that the court define "recklessly", "purposely" and "knowingly." The trial court did so. Following deliberations, the defendant was convicted.

I

We first address the defendant's argument that a mistrial was required because prior to deliberations one juror improperly expressed her opinion on his guilt to other jurors. The defendant does not contend that the trial court applied the wrong standard in considering his motion. Rather, he argues that the trial court erred in deciding that the misconduct of one juror did not so prejudice his right to an impartial jury that he was deprived of a fair trial.

■ It is axiomatic that a defendant has a right to be tried by a fair and impartial jury. *See State v. Rideout*, 143 N.H. 363, 365 (1999). Any juror found to be disqualified before or during trial should be removed. *See id.; see also* RSA 500-A:12, II (1997). We have previously decided that when there is an allegation that a juror has been biased by extrinsic contact or communication, "the [trial] court must undertake an adequate inquiry to determine whether the alleged incident occurred and, if so, whether it was prejudicial." *Rideout*, 143 N.H. at 365.

■ In a criminal case, a defendant must prove actual prejudice, although such prejudice is presumed when there are communications between jurors and individuals associated with the case or when the juror's unauthorized communications are about the case.

*See id.* at 366. In those instances the burden shifts to the State to prove that any prejudice was harmless beyond a reasonable doubt. *See id.*

■ In this case, there is no claim of extrinsic influence. Rather, the defendant argues that intra-jury misconduct prejudiced his right to a fair trial. Intra-jury communication about guilt or innocence, although clearly objectionable, is generally regarded as less serious than extrinsic contact because the prejudice to the deliberation process is self-contained and there is "no reason to doubt that the jury [will base] its ultimate decision only on the evidence formally presented at trial." *United States v. Resko,* 3 F.3d 684, 690 (3d Cir. 1993). In these circumstances, the burden of proving actual prejudice rests with the defendant. *See Rideout,* 143 N.H. at 366.

When confronted with an allegation of improper intra-jury conduct, especially where it was alleged that a juror prematurely concluded guilt or innocence and communicated an opinion to other jurors, the trial court should generally remove the offending juror from the panel and undertake individual *voir dire,* as was done here. *See id.* at 365; *see also Resko,* 3 F.3d at 690. This is a fact-specific determination which we review for abuse of discretion. *See Rideout,* 143 N.H. at 365 ("The trial court has broad, though not unlimited, discretion to determine the extent and nature of its inquiry."). A review of the process followed by the trial court and its findings leads us to conclude that there was no abuse of discretion.

Here, the trial court not only excused the juror who made the improper remark but assured itself, after careful *voir dire* of the remaining jurors, that no prejudice had affected the panel. "[T]he trial court is obviously in [the best] position . . . to observe the impact of premature jury discussions of guilt [and] to observe the mood at trial and the predilections of the jury." *Resko,* 3 F.3d at 690 (quotations and brackets omitted). Indeed, courts have frequently rejected claims of jury taint based on intra-jury communication. *See, e.g., State v. Nelson,* 723 A.2d 627, 633-34 (N.J. Super. Ct. App. Div. 1999); *State v. Gilman,* 637 A.2d 1180, 1181-82 (Me. 1994). On the record before us, we reject such a claim in this case.

## II

The defendant also argues that the trial court impermissibly amended the indictment, which charged him only with a reckless *mens rea,* by instructing the jury that if it found he acted either purposely or knowingly, it could convict him of second degree assault.

■ Trial courts may amend indictments in form, but not in substance. *See State v. Erickson*, 129 N.H. 515, 519 (1987). This is because "a criminal defendant has a right to rely upon the information contained in an indictment in preparing his defense, and a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Id.* (quotation omitted). Amendments relate to form if they "do not jeopardize [a defendant's] right to be tried only on charges that have been passed on by a grand jury." *State v. Elliott*, 133 N.H. 759, 764 (1990) (quotation omitted).

■ Here, the indictment charged the defendant with reckless assault. The trial court did not substantively amend the indictment by adding an element to the charged offense. *See id.* ("An impermissible amendment . . . would be one that effects a change in the offense charged, or adds an offense." (Quotations, brackets and ellipsis omitted.)). Rather, the trial court advised the jury that if they found that the defendant acted purposely or knowingly, such a finding would satisfy the State's burden of proving recklessness as charged in the indictment. The court's jury instruction was based on RSA 626:2, III (1996), which states: "When [the law provides that] recklessness suffices [to establish an element of an offense], the element is also established if the person acts purposely or knowingly." In sum, if the jury found the defendant guilty of a more culpable mental state than recklessness, he could then be convicted as charged. *See* RSA 626:2, III. That is, if the jury concluded that the defendant's conduct, which involved hitting the victim several times with a baseball bat, was done purposely or knowingly, the defendant was by definition acting recklessly. *See id.* Otherwise, a defendant could successfully defend a charge of reckless conduct by claiming that his actions were the result of a purposeful or knowing mental state. This would produce an absurd result.

Based upon the evidence at trial, the jury could easily have concluded that the defendant acted with a higher mental state than charged. Prior to the assault, the defendant spoke with his landlord and threatened to attack the victim with a baseball bat. The attack itself, which consisted of several blows directed at the victim's head, was also consistent with purposeful or knowing conduct. Accordingly, the trial court elected to instruct the jury consistent with RSA 626:2, III to eliminate possible confusion and prevent misapprehension of the law. The instruction in no way substantively amended the defendant's indictment. *See Elliott*, 133 N.H. at 764; *Erickson*, 129 N.H. at 519.

All issues raised in the notice of appeal, but not briefed, are deemed waived. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998).

*Affirmed.*

BROCK, C.J., and NADEAU and DALIANIS, JJ., concurred.