2003 ME 145

**Tommy BUREAU**

v.

**Del GENDRON et al.**

Supreme Judicial Court of Maine.

Argued: Nov. 6, 2003.
Decided: Dec. 11, 2003.

————

John S. Campbell, Esq. (orally), Campbell & Associates, P.A., Thomas F. Hallett, Esq., Portland, for plaintiff.

William J. Kayatta Jr., Esq. (orally), Jennifer H. Rohde, Esq., Pierce Atwood, Portland, for defendants.

Panel: SAUFLEY, C.J., and RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Tommy Bureau appeals from a judgment of the Superior Court (Androscoggin County, *Delahanty, J.*) granting defendants Del Gendron, David Gendron, and Gendron Realty's (collectively Gendron) motion for a new trial as a result of juror misconduct. Bureau contends that the court properly denied Gendron's motion for a mistrial when the alleged misconduct came to light, and did not have sufficient evidence to grant a new trial after the jury returned its verdict. We disagree and affirm the decision of the Superior Court.[1]

## I. BACKGROUND

[¶ 2] Bureau leased commercial property on Lisbon Street in Lewiston from Gendron in late 1994 hoping to open a nightclub and billiards hall on the premises. Bureau entered the lease unaware that the

---

1. Bureau also contends that the Superior Court erroneously granted Gendron's motion for judgment as a matter of law on two tort claims. We find no merit in his arguments on this issue and do not discuss them further.

city planned to begin a major construction project on Lisbon Street the following spring. The project interfered with Bureau's already struggling business, and he was forced to close his doors in August of 1995. Bureau subsequently filed suit alleging that Gendron knew about the road construction project at the time the parties executed the lease, but concealed that knowledge in the interest of striking a deal.

[¶ 3] The case went to trial, and on the final morning of a three-day proceeding the jury foreperson sent the following letter to chambers:

Your Honor,

As the chair of the jury, I feel an obligation to tell of an injustice that I have witnessed among the members of the jury on Thursday 10/17/02. A juror defineatly [sic] displayed prejudice, in a well observed manner during a break. He stated "the defendant was someone he knew in the past, as being rich, and controlling in civic organizations." His words were as follows, "There was a fund raising event (eg.) auction, and the defendant always reserved a front seat, and outbid the competition to basically have his own way, raising the prices, in an effort to outdo the regular 'run of the mill bidder!'' He went on to say, "that he didn't like this individual, and that rich people, should not get a break!" In observing this, I witnessed agreement among two other jurors. I believe this taints the jury in a negative way.

The court called both counsel into chambers and proceeded to interview the relevant jurors separately. After assessing the jurors' credibility, the court dismissed the individual who knew Gendron and cautiously decided to go forward with instructions and deliberations. Gendron promptly moved for a mistrial.

[¶ 4] Although it denied the mistrial motion, the court was sympathetic to Gendron's position, stating, "I am somewhat tempted to [grant a mistrial] but I do think it is also necessary to get a decision in this case." After deliberating for an hour and a half the jury returned a verdict in Bureau's favor and awarded $650,000 in damages. Gendron then renewed his motion for a new trial.

[¶ 5] After a hearing, the court granted the motion for a new trial, simply observing that it had given the matter more thought: "[T]he more I think about the conduct of [the jurors], I do think it tainted the jury process and that we cannot have." A second trial followed in which a new jury found in Gendron's favor.

## II. DISCUSSION

[¶ 6] We grant substantial deference to a trial court's decision to grant a new trial, and will only vacate such an order for an abuse of discretion. *Taylor v. Lapomarda*, 1997 ME 216, ¶ 5, 702 A.2d 685, 687.

[¶ 7] The Superior Court confronted a difficult circumstance in this case, and took appropriate steps to bring the problem to a just and efficient resolution. In the past, we have instructed courts to allow a trial to continue to verdict in all but the most egregious circumstances: " 'The trial court should deny a motion for mistrial except in the rare case when the trial cannot proceed to a fair result and no remedy short of a new trial will satisfy the interests of justice.' " *State v. DePhilippo*, 628 A.2d 1057, 1058 (Me.1993) (quoting *State v. Clark*, 591 A.2d 462, 464 (Me.1991)). Here, the court faced the difficult task of determining the broader effects of one juror's misconduct, and wisely decided to let the trial proceed to a jury verdict.

[¶ 8] The court's actions in this case were prudent and entirely appropriate. In jury misconduct cases we have directed judges to "interview the juror[s] about the circumstances in order to determine whether the juror[s] can remain impartial." *Latremore v. Latremore*, 584 A.2d 626, 634 (Me.1990). After doing so, the court recognized that there remained at least some possibility that the jury could return an impartial verdict. In keeping with our directive, the Superior Court properly allowed the jury to render a verdict.

[¶ 9] The decision to grant Gendron's post-verdict motion for a new trial was entirely within the Superior Court's discretion. The court gave the evidence of misconduct more thought, and concluded that the jury was tainted. Although the initial possibility that the jury could remain impartial properly prompted the court to deny the motion for a mistrial, a more considered and deliberate reflection convinced the court that a new trial was appropriate. Far from an abuse of discretion, the court's decision suggests a careful and well-reasoned approach.

The entry is:

Judgment affirmed.